1 | DANIEL G. BOGDEN
United States Attorney

2 |

GREG ADDINGTON
3 | Assistant United States Attorney
Nevada Bar # 6875
4 | 100 West Liberty Street, Suite 600
Reno, NV  89501
5 | (775) 784-5438
(775) 784-5181-facsimile
6 |

7 |                 UNITED STATES DISTRICT COURT

8 |                     DISTRICT OF NEVADA

9 | MICHAEL J. CONLON,                    )    CV-N-01-0700 - DWH (VPC)
                                        )
10 |      Plaintiff,                      )    REPLY MEMORANDUM IN FURTHER
                                        )    SUPPORT OF DEFENDANTS'
11 |      v.                             )    MOTION TO DISMISS COMPLAINT
                                        )    OR, IN THE ALTERNATIVE, FOR
12 | UNITED STATES OF AMERICA;           )    SUMMARY JUDGMENT
UNITED STATES DEPARTMENT OF            )
13 | JUSTICE;                            )
JOHN ASHCROFT, Attorney General;)
14 | FEDERAL BUREAU OF PRISONS;          )
NANCY BAILEY, Warden of FGI,           )
15 | Safford, Arizona;                   )
UNITED STATES PAROLE COMMISSION;)
16 | JOHN R. SIMPSON; U.S. Parole        )
Commissioner;                          )
17 | UNITED STATES PROBATION OFFICE; )
KEVIN LOWRY, U.S. Probation            )
18 | Officer;                            )
PATRICK FOY, U.S. Probation            )
19 | Officer;                            )
THOMAS COLLINS, U.S. Probation         )
20 | Officer;                            )
JOHN LAWHEAD, U.S. Probation           )
21 | Officer;                            )
UNITED STATES SENTENCING               )
22 | COMMISSION;                         )
                                        )
23 |           Defendants.               )

24 |

         Come now each of the named defendants in this action,
25 |

individually and collectively and through their undersigned
26 |

counsel, and submit this reply memorandum in further support of
27 |

28 |

1  their dispositive motion.  This **reply** memorandum is filed
2  pursuant to Local Rule 7-2(c).[1]

3       In response to the defendants' motion, plaintiff argues that
4  he should be able to establish the viability of this action
5  through discovery, that Rule 12(b), F.R.Civ.P., requires the
6  Court to accept as true the well-pleaded allegations of the
7  complaint, that summary judgment is inappropriate because his
8  claim is based on the "state of mind" of the defendants, that
9  service by mail was effective service of process on the
10 individual defendants, and that none of the defendants is
11 entitled to dismissal based on absolute or qualified immunity.
12 Additionally, plaintiff asserts that he intends to file another
13 (second) amended complaint in order to "clarify" his claim under
14 the Federal Tort Claims Act, which he claims he may do as a
15 matter of right under Rule 15, F.R.Civ.P.

16      As discussed below, plaintiff's arguments are uniformly
17 unconvincing and should be rejected.  This action should be
18 dismissed on multiple alternative grounds.

19
20      1.   Rule 12(b)(1) Does Not Require the Court to Accept as
   True the Allegations of the Complaint

21      A substantial component of the defendants' motion is
22 directed to the Court's jurisdiction and thus is properly styled

23

24  _____

25      [1]    Plaintiff repeatedly refers to the "government's
   motion" in his response.  The subject motion is not the
26 "government's motion" but rather a motion brought by the
   individual defendants plaintiff elected to sue for money damages,
27 as well as the institutional defendants named in the complaint.

28                                    2

1  a motion to dismiss under Fed. R. Civ.  P.  12(b)(1).[2]  An issue

2  of subject matter jurisdiction is properly decided under Rule

3  12(b)(1).  See McCarthy v. United States, 850 F.2d 558, 560 (9th

4  Cir. 1988), cert. denied, 489 U.S. 1052 (1989).  A Rule 12(b)(1)

5  motion may be used to attack two different types of

6  jurisdictional defects.  The first is the plaintiff's failure to

7  plead facts sufficient to show that the federal court has

8  jurisdiction over the subject matter of the case, a so-called

9  "facial" challenge to jurisdiction.  The second defect that may

10  be challenged by a Rule 12(b)(1) motion is an actual lack of

11  jurisdiction over the subject matter, a so-called "factual"

12  challenge.  Wright & Miller, § 1350, pp. 211-212; see also White

13  v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  A Rule 12(b)(1)

14  motion may be intended as either a facial or a factual challenge

15  to the court's subject matter jurisdiction.  See White v. Lee,

16  227 F.3d at 1242.  In reviewing a facial attack, the court may

17  consider the allegations of the complaint, and documents

18  referenced or attached, in a light most favorable to the

19  plaintiff.  See FDIC v. Nichols, 885 F.2d 633, 636 (9th Cir.

20  1989).

21      In reviewing a factual challenge, however, the court may

22  consider evidence outside the pleadings.  See White v. Lee, 227

23  F.3d at 1242.  In a factual attack, no presumptive truthfulness

24  attaches to the plaintiff's allegations.  See id.; Augustine v.

25  _____

26      [2]   Some of the defendants also moved for dismissal under
   Rule 12(b)(6), because there are no allegations made against them
27  in the complaint.  See Defendants' Motion, pp. 26-27.

28                                  3

1  United States, 704 F.2nd 1074, 1075, 1077 (9th Cir. 1983);

2  Mortensen v. First Federal Savings and Loan Association, 549 F.2d

3  884, 891 (3d Cir. 1977); accord, St. Clair v. City of Chico, 880

4  F.2d 199, 201 (9th Cir. 1989); Crowley Marine v. Fednav Ltd., 924

5  F.Supp. 1030, 1033 (E. D. Wash. 1995); see also Thornhill Pub. v.

6  General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979);

7  Timberlane Lumber v. Bank of America, 574 F.Supp. 1453, 1460-1461

8  (N.D. Cal. 1983).  Unlike a Rule 12(b)(6) motion, a moving party

9  challenging the factual substance of the jurisdictional

10 allegations under Rule 12(b)(1) may use affidavits and other

11 matter outside of the pleadings.  Wright & Miller, § 1350, p.

12 213.  In ruling on a factual challenge in a motion to dismiss

13 under Rule 12(b)(1), the trial court "is not restricted to the

14 face of the pleadings, but may review any evidence, such as

15 affidavits and testimony, to resolve factual disputes concerning

16 the existence of jurisdiction."  McCarthy v. United States, 850

17 F.2d at 560.

18     In the present case, the defendants provided declarations

19 and other materials in support of their contention that subject

20 matter jurisdiction is lacking. Those materials demonstrate

21 (among other things) that jurisdiction is lacking because the

22 individual defendants are immunized from liability claims such as

23 those being asserted by plaintiff.

24     Although the defendants assert that the appropriate legal

25 standard is that of a Rule 12(b)(1) motion to dismiss and that

26 the Court should make findings of fact, defendants nonetheless

27

28                                  4

1 | moved in the alternative for summary judgment under Rule 56.
2 | Pursuant to Rule 56, summary judgment should be granted where
3 | there are no genuine issues of material fact and the moving party
4 | is entitled to judgment as a matter of law.  One of the important
5 | goals of summary judgment is to avoid wasting resources and time
6 | where a trial would be a mere formality. Zweig v. Hearst Corp.,
7 | 521 F.2d 1129, 1135-36 (9th Cir. 1975).  Whether the analysis is
8 | conducted under Rule 12(b)(1) or under Rule 56, the result is the
9 | same; namely, plaintiff's claims must be summarily rejected.

10

11 | 2.  The Defendants Are Entitled to Dismissal Prior to
Discovery
12
13 | Plaintiff argues that summary judgment is premature because
no discovery has been conducted.  Plaintiff further argues that
14
discovery is needed because plaintiff's claim is based on the
15
"state of mind" of the individual defendants (most of whom have
16
never met plaintiff).  Plaintiff's arguments are incompatible
17
with the Supreme Court's repeated admonitions that public
18
officials be spared the burden of unnecessary discovery through
19
rigorous application of the Federal Rules of Civil Procedure,
20
particularly Rule 56.
21
In Crawford-El v. Britton, 118 S.Ct. 1584 (1998), the
22
Supreme Court characterized summary judgment motions as "the
23
ultimate screen to weed out truly insubstantial lawsuits prior to
24
trial."  118 S.Ct. at 1598.  Moreover, as the Supreme Court has
25
repeatedly noted, one of the purposes of the qualified immunity
26
defense is to spare public officials the burden of unnecessary
27

28 | 5

1  discovery. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817 (1982);

2  <u>Behrens v. Pelletier</u>, 516 U.S. 299, 308 (1996).[3]  Accordingly,

3  where the complaint alleges facts which, if proven, would amount

4  to a violation of clearly established law but the actions the

5  defendant actually took are different from those alleged, a

6  motion for summary judgment before discovery is appropriate.

7  Similarly, if the complaint leaves out significant facts which,

8  once supplied, entitle the defendant to immunity, then summary

9  judgment prior to discovery is appropriate. <u>Anderson v.</u>

10 <u>Creighton</u>, 483 U.S. 635, 646 n.6 (1987)

11      Plaintiff's suggestion that his claim is based on the "state

12 of mind" of (unspecified) defendants does not change the

13 analysis.  In <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), the

14 Supreme Court reformulated the common law qualified immunity

15 defense to ensure that it did not turn on a subjective enquiry

16 into the official's motives and good faith.  <u>See also Davis v.</u>

17 <u>Scherer</u>, 468 U.S. 183, 191 (1984)(<u>Harlow</u> adopted "a wholly

18 objective standard").  The <u>Harlow</u> formulation, therefore, grants

19 immunity to an official where the law is unclear, whether or not

20 the defendant has a proper motive.

21      It is the defendants' view that the enquiry in the present

22 case need proceed no further.  The law was not clear (and is

23 still not clear) whether a parole violation near the end of the

24

25      [3]      Stated another way, the qualified immunity of public
   officials is immunity from suit (and its attendant burdens), not
26 merely immunity from damages. <u>Hunter v. Bryant</u>, 502 U.S. 224, 227
   (1991); <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991); <u>Mitchell v.</u>
27 <u>Forsyth</u>, 472 U.S. 511, 526 (1985).

28                                    6

1  parole term automatically tolls the parole period or whether the

2  parole can expire during the time a parolee is in violation

3  status.   That contested legal issue eventually concluded with the

4  District Court's (in Arizona) determination that plaintiff had

5  been imprisoned too long.   Such a determination, however, does

6  not automatically translate into a damages claim against those

7  individuals who reported plaintiff's parole violation, issued the

8  arrest warrant based on the parole violation, or supervised those

9  persons who performed those tasks.   The "state of mind" of the

10 individual defendants is, therefore, wholly irrelevant.

11     In order to advance a claim based on "improper motive" or

12 "state of mind," the gravamen of the complaint must be a facially

13 lawful or proper action which is carried out because of an

14 invidious purpose; e.g., denial of discretionary benefits due to

15 class-based discrimination.   Plaintiff's claim does not fit this

16 model because plaintiff alleges that the defendants' actual

17 conduct (the issuance of the warrant, etc.) was unlawful.

18 Moreover, even if plaintiff's complaint did fit the model of an

19 "improper motive" claim, it would necessarily fail because the

20 complaint does not allege sufficient facts to support such a

21 claim.

22     In Crawford-El v. Britton, 118 S.Ct. at 1596-97, the Supreme

23 Court approved the requirement that a complaint contain specific,

24 nonconclusory allegations of fact which, if proven, would

25 affirmatively establish the existence of the claimed unlawful

26 motive.   The complaint in the present case is woefully deficient

27

28                                    7

1   in this regard because it does not even specify what actions were
2   taken by which defendant(s), much less specify what improper
3   motives (race based, class based, gender based, etc.) prompted
4   which defendant(s) to act in a certain manner.  Even in well-pled
5   "improper motive" cases, the Supreme Court in <u>Crawford-El</u>
6   commanded that the trial court exercise its discretion to protect
7   the substance of the qualified immunity defense, so that
8   "officials are not subjected to unnecessary and burdensome
9   discovery or trial proceedings."  <u>Crawford-El</u>, 118 S.Ct. at 1596.
10  More to the point, the Court (again) directed the district courts
11  to "resolve the threshold question [of immunity] before
12  permitting discovery."  <u>Id</u>. at 1597.

13      Accordingly, plaintiff's suggestion that defendants' motion
14  for summary judgment is "premature" must be rejected.[4]

15

16      3.  <u>Service of Process Has Not Been Effected</u>

17      Each of the seven individual defendants argued that they
18  have not been properly served with the summons and complaint.  In
19  response, plaintiff states that he served four of the individual
20  defendants (Lowry, Foy, Collins, and Lawhead) by sending the
21  summons and complaint to the U.S. Probation Office in Arizona
22  (where none of them worked).  Plaintiff has no response as to the
23  remaining three individual defendants.

24

25  _____

26      [4]    Plaintiff also states that he "intends" to bring a
    motion under Rule 56(f).  No such motion has been filed and so no
27  response will be made at this time regarding such a motion.

28                                  8

1  Plaintiff appears to concede that service was not proper as
2  to defendants Simpson, Bailey, and Ashcroft.  The attempted
3  service on the four Nevada-based probation officers is obviously
4  not adequate for this court to obtain personal jurisdiction over
5  them.

6

7       4. The Defendants Are Entitled to Immunity

8  Although it is argued that the Court need not reach the
9  issue of qualified immunity as to most of the individual
10 defendants (because dismissal is appropriate on other grounds
11 such as absolute immunity, lack of specificity, etc.), it is
12 plain that all of the individual defendants are entitled to
13 judgment in their favor based on qualified immunity.  In the
14 Ninth Circuit (as elsewhere), public officials are entitled to
15 qualified immunity unless their conduct was such that
16 no reasonable official situated as were the defendants could have
17 believed that the conduct was lawful in light of clearly
18 established law and the totality of circumstances. Alexander v.
19 County of Los Angeles, 64 F.3d 1315, 1319 (9th Cir. 1995).  "The
20 question on qualified immunity is not whether [the defendants']
21 judgment was mistaken, only whether a reasonable officer could
22 have made the judgment ... as these officers did in these
23 circumstances." Thompson v. Mahre, 110 F.3d 716, 723 (9th Cir.),
24 cert. denied, 118 S.Ct. 414 (1997).

25 The reporting of plaintiff's parole violation, the
26 processing of his arrest warrant, and his consequent

27

28                              9

1  incarceration do not give rise to a claim for damages against the

2  individuals named in the complaint because a reasonable officer

3  in the position of the defendants could have believed that such

4  actions were lawful and appropriate.[5]

5

6      5.   Plaintiff May Not File a Second Amended Complaint
   Without Leave of Court and an FTCA Action Would Be Untimely

7

8      Plaintiff states in his opposition that he "is filing a

9  second amended complaint to clarify his Federal Tort Act claim."

10 See Opposition, p.3 n.1.  Plaintiff further states that he need

11 not obtain leave of court for such a filing under Rule 15 because

12 the defendants' motion is not a "pleading" as that term is used

13 in Rule 15.

14     Plaintiff is correct that the defendants' motion is not a

15 "pleading" as that term is used in Rule 15.  However, by the

16 plain terms of Rule 15, plaintiff may file an amended pleading as

17 a matter of right only once.  See Rule 15(a), F.R.Civ.P.

18 Plaintiff has already filed a "first amended complaint" and must

19 obtain leave of court before filing another amended complaint.

20     The amended complaint which plaintiff proposes to file is

21 one to "clarify" an action against the United States under the

22 Federal Tort Claims Act (FTCA).  Such an action would certainly

23 need to be "clarified" since the first amended complaint does not

24 even attempt to allege such a cause of action.  Such an action

25 _____

26     [5]   In order to properly evaluate the defendants' qualified
   immunity defense, it is essential that each defendants' conduct
27 be individually analyzed within the qualified immunity calculus.

28                              10

1  would not be viable and would be subject to immediate dismissal
2  (and is subject to dismissal to the extent the current complaint
3  is imaginatively construed as alleging an FTCA claim) because
4  plaintiff did not file a timely administrative tort claim, a
5  jurisdictional prerequisite under the FTCA.

6      Plaintiff claims that he was falsely arrested, based on an
7  improper calculation of his parole status, in February 1998 and
8  was thereafter imprisoned unlawfully. See First Amended
9  Complaint, paras. 20-23.  Plaintiff has attached to his
10 opposition memorandum (as exhibit B) two letters acknowledging
11 receipt of administrative tort claims submitted by plaintiff in
12 July 2001.  Any FTCA action based on those administrative tort
13 claims would be barred because the claims are untimely.

14      There is a two-year limitations period for submission of the
15 required administrative claim under the FTCA.  28 USC, section
16 2401(b); Davis v. United States, 642 F.2d 328, 330 (9th Cir.
17 1981), cert. denied, 455 U.S. 919 (1982).  The date on which a
18 claim accrues is determined by federal law.  Washington v. United
19 States, 769 F.2d 1436, 1438 (9th Cir. 1985).  Here, the alleged
20 tort (false arrest) occurred in February 1998 and his damages
21 began to accumulate on that date.  All of his alleged damages
22 arise from the single event (arrest) which occurred in February
23 1998.  Accordingly, the administrative claims filed in July 2001
24 were untimely and can not provide the jurisdictional basis for an
25 FTCA cause of action.

26
27
28                                    11

1     Plaintiff may attempt to salvage his proposed FTCA claim by
2 arguing that he was subjected to a continuing tort which
3 effectively tolled the statute of limitations until he was
4 released from prison.  Such an argument would fail.  For a
5 continuing violation to be established, there must be a series of
6 tortious acts one or more of which falls within the limitations
7 period. Western Center for Journalism v. Cederquist, 235 F.3d
8 1153, 1157 (9th Cir. 2000).  A continuing violation is occasioned
9 by continual unlawful acts rather than by the continual ill
10 effects from an original violation. Ward v. Caulk, 650 F.2d 1144
11 (9th Cir. 1981).  Assuming that a tort was committed in February
12 1998 (or earlier) when plaintiff was arrested, the tort was
13 completed at that time and plaintiff was required to submit an
14 administrative claim within two years thereafter in order to
15 support a viable FTCA claim.

16     In Sandutch v. Muroski, 684 F.2d 252 (3rd Cir. 1982), the
17 Third Circuit rejected the notion that a continuing incarceration
18 was a continuing tort.  In the absence of allegations of unlawful
19 acts while incarcerated, the continuing incarceration was simply
20 the continuing ill effects from the initial tortious conduct
21 which resulted in the incarceration. Id. at 254.  The same result
22 was reached in Maslauskas v. United States, 583 F.Supp. 349
23 (D.Mass. 1984)(FTCA suit untimely based on negligence of Parole
24 Commission-incarceration was not continuing violation).

25

26

27

28                              12

1 | 6.   Conclusion

2 |   Based on the foregoing discussion and the arguments and

3 | materials which accompanied the defendants' motion, this action

4 | should be dismissed or, in the alternative, summary judgment

5 | entered against plaintiff and in favor of each defendant.

6 |

7 |                          Respectfully submitted,

8 |                          DANIEL G. BOGDEN
                             United States Attorney
9 |

10 |

11 |                          GREG ADDINGTON
                             Assistant United States Attorney
12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

CERTIFICATE OF SERVICE

2        I certify that a copy of the foregoing REPLY MEMORANDUM IN
FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE
3 ALTERNATIVE, FOR SUMMARY JUDGMENT was mailed by first-class mail,
postage pre-paid, on September __(O__, 2002:

4

5 Wm. Patterson Cashill
410 California Avenue
6 Reno, NV 89509

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                        14