FILED
MAR 14 PM 12:25
LANCE S. WILSON
CLERK
BY_____

U.S. DISTRICT COURT
DISTRICT OF NEVADA
ENTERED & SERVED
MAR 17 2003
CLERK, U.S. DISTRICT COURT
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL CONLON, | CV-N-01-0700-DWH (VPC) |
| Plaintiff, | **ORDER** |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; JOHN ASHCROFT, Attorney General; UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS; NANCY BAILEY, Warden of FGI, Stafford Arizona Prison and individually; UNITED STATES DEPARTMENT OF JUSTICE, PAROLE COMMISSION; COMMISSIONER JON R. SIMPSON; U.S. Parole Commissioner and individually; UNITED STATES FEDERAL JUDICIARY, PROBATION OFFICE; KEVIN LOWRY, U.S. Probation Officer and individually; PATRICK FOY, U.S. Probation Officer and individually; THOMAS COLLINS, U.S. Probation Officer and individually; JOHN LAWHEAD, Assistant Chief Probation Officer and individually; UNITED STATES SENTENCING COMMISSION; and DOES 1-50, in official capacities and individually, inclusive, | |
| Defendants. | |

Before the court is defendants' motion to dismiss plaintiff's complaint or, in the alternative, for summary judgment (#15). That motion was filed in response to plaintiff's first amended

1

complaint (#3). Pursuant to this court's order (#35), plaintiff filed a second amended complaint (#31). Defendant then filed a supplemental memorandum in further support of its earlier motion to dismiss or, in the alternative, for summary judgment (#36). Plaintiff filed no supplemental opposition.

## I. Factual Background

Plaintiff Michael Conlon ("Conlon") brings claims against multiple institutional and individual defendants for his alleged illegal incarceration for various parole violations. In 1986, Conlon was sentenced to a 12 year term of imprisonment and a special parole term of 8 years for narcotics offenses. The U.S. Parole Commission paroled him at various times and then revoked his parole for subsequent violations. After being reincarcerated, Conlon successfully brought a petition for a writ of habeas corpus, claiming that he had been confined too long on account of irregularities in the computation of his sentence following parole revocation. The court overseeing the habeas corpus proceedings ordered that Conlon be released without further parole no later than August 31, 2001.

Conlon brings the instant action under 42 U.S.C. § 1985(3), the Federal Tort Claims Act (FTCA) (28 U.S.C. §§ 2671-2680), and pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 838 (1971). The institutional defendants named in his second amended complaint are (1) the United States; (2) the United States Department of Justice; (3) the United States Parole Commission; (4) the Federal Bureau of Prisons; (5) the United States Probation Office; and (6) the United States Sentencing Commission. Conlon also names individuals, all but one of whom he is suing in both their official and individual capacities: (1) John Ashcroft (Attorney General of the United States) (sued in his official capacity only); (2) Nancy Bailey (former warden at the Bureau of Prisons Stafford, Arizona facility); (3) John Simpson (U.S. Parole Commissioner); and (4) Kevin Lowery, Patrick Foy, Thomas Collins, and John Lawhead (U.S. Probation Officers).

Conlon alleges the following causes of action: (1) deprivation of rights guaranteed by the First, Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution; (2) intentional infliction of emotional distress; (3) negligence; (4) false arrest; (5) false imprisonment; and (6) cruel and unusual punishment. He seeks compensatory damages in excess of $10,000, punitive damages

1  in excess of $10,000, attorneys' fees and costs, and any other relief deemed appropriate by this court.

## II. Analysis

### A. Motion to Dismiss, or, in the Alternative, for Summary Judgment

Because defendants' motion to dismiss, or, in the alternative, for summary judgment has been rendered moot by plaintiff's second amended complaint, this court will not consider it. This court disagrees with defendants that they need not file a new motion to dismiss because there are only a "few insignificant differences between the first and second amended complaints." (#36 at p.2, fn.1.) The second amended complaint raises FTCA and *Bivens* claims that were not articulated in the first amended complaint, and it drops the § 1983, Fourteenth Amendment, and intentional misrepresentation claims. Although the immunity defenses raised by defendants would be equally applicable to a *Bivens* claim as to a § 1983 claim, it is not the job of this court to sift through defendants' motion and other filings to glean which arguments they wish to maintain and those that they do not. Accordingly, defendants' motion is denied without prejudice as moot.

### B. Service of Process

Plaintiff has not demonstrated that the defendants have been properly served under Rule 4 of the Federal Rules of Civil Procedure. Rule 4 specifies the manner and time limits for service of defendants. Under Fed. R. Civ. P. 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

There are also specific requirements with regard to service upon the United States and its employees or agencies. Service upon the United States requires delivering a copy of the summons and complaint to the United States attorney for the district in which the complaint was filed *and* the Attorney General in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)-(B). Service on an agency of the United States is effected by fulfilling these requirements *and* serving the agency. Fed. R. Civ. P. 4(i)(2)(A). Likewise, with lawsuits against federal employees sued in their individual or official capacities, both the United States and the federal employee must be served as set out in Rule 4(i)(1)-

(2). Moreover, when a plaintiff amends his complaint to add claims, he must effect new service on the defendants. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1348-49 (9th Cir. 1982). Even if a defendant makes a voluntary general appearance, he has not waived the right to assert alleged defects in service. *Republic Intern. Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 165 (9th Cir. 1975).

In the instant case, there is no indication in the papers before this court that any of the defendants have been properly served with the second amended complaint. Earlier service on some of the defendants did not overcome the need to effect new service following the filing of plaintiff's second amended complaint. *See Jackson*, 682 F.2d at 1348-49. Moreover, the U.S. Attorney's general appearance on behalf of all of the defendants by filing an opposition to plaintiff's motion for leave to file his second amended complaint did not relieve plaintiff of Rule 4's service requirement. *See Republic Intern. Corp.*, 516 F.2d at 165. In order for this court to exert personal jurisdiction over the defendants, plaintiff must demonstrate that process was correctly served on each defendant according to the methods outlined above within the 120 day time period allowed under Rule 4(m). This order constitutes notice to plaintiff that his complaint will be dismissed if he does not provide adequate proof of service to this court within 60 days of this order or show good cause why such service was not made during the necessary period.

### III. Conclusion

Accordingly, **IT IS ORDERED** that defendants' motion (#15) be **DENIED** as moot without prejudice.

**IT IS FURTHER ORDERED** that plaintiff has 60 days from the date of this order to (1) file with the clerk proof that process was served on all defendants prior to the expiration of the 120-day time limit set forth in Rule 4 or (2) show good cause why such service was not made in that period.

DATED: This 14th day of March, 2003.

UNITED STATES DISTRICT JUDGE