1 | DANIEL G. BOGDEN
United States Attorney

2

GREG ADDINGTON
3 | Assistant United States Attorney
Nevada Bar # 6875
4 | 100 West Liberty Street, Suite 600
Reno, NV  89501
5 | (775) 784-5438
(775) 784-5181-facsimile

6

7 |                    UNITED STATES DISTRICT COURT

8 |                         DISTRICT OF NEVADA

9 | MICHAEL J. CONLON,                    )
                                          )
10 |        Plaintiff,                     )    CV-N-01-700-DWH-VPC
                                          )
11 |        v.                            )    STATEMENT OF UNDISPUTED
                                          )    MATERIAL FACTS
12 | UNITED STATES OF AMERICA;            )
UNITED STATES DEPARTMENT OF              )
13 | JUSTICE;                             )
JOHN ASHCROFT, Attorney General;)
14 | FEDERAL BUREAU OF PRISONS;           )
NANCY BAILEY, Warden of FGI,             )
15 | Safford, Arizona;                    )
UNITED STATES PAROLE COMMISSION;)
16 | JOHN R. SIMPSON; U.S. Parole         )
Commissioner;                            )
17 | UNITED STATES PROBATION OFFICE; )
KEVIN LOWRY, U.S. Probation              )
18 | Officer;                             )
PATRICK FOY, U.S. Probation              )
19 | Officer;                             )
THOMAS COLLINS, U.S. Probation           )
20 | Officer;                             )
JOHN LAWHEAD, U.S. Probation             )
21 | Officer;                             )
UNITED STATES SENTENCING                 )
22 | COMMISSION;                          )
                                          )
23 |            Defendants.               )
                                          )

24

25 |        The following statement of undisputed material facts is

26 | provided in support of the defendants' motion to dismiss the

27 | second amended complaint or, in the alternative, for summary

28 | judgment.  The statement of facts is based on the declarations

1  previously filed in connection with the defendants' motion (#15)
2  filed June 25, 2002.  For the Court's convenience, copies of
3  those same declarations are attached hereto.

4

5       1.  On August 8, 1986, Conlon was sentenced to a 12-year
6  prison term and an 8-year special parole term by the U.S.
7  District Court for the Western District of Texas for distribution
8  of cocaine.  (Exhibit 1).[1]

9       2.  After four paroles and parole revocations on his 12-year
10  sentence, Conlon was mandatorily released on good time from his
11  12-year prison term on November 7, 1997, to be supervised on
12  mandatory release until January 28, 1998, when his 8-year special
13  parole term would commence.  (Exhibit 2); See Declaration of
14  Thomas Lowry, paras. 7-8.

15      3.  Probation Officer Lowry was assigned supervision
16  responsibility for Conlon.  In late January 1998, Probation
17  Officer Lowry learned that Conlon had left the Las Vegas area
18  weeks earlier, taking his girlfriend's car.  By a letter dated
19  February 2, 1998, Probation Officer Kevin Lowry informed the
20  Parole Commission that Conlon had failed to report a change in
21  residence to his probation officer, had failed to submit monthly
22  written reports since December 1997, and had failed to appear for
23  random urinalysis since December 20, 1997.  (Exhibit 3). See Lowry
24  decl., paras. 10-11.

25

26      [1]  Each of the exhibits identified in the statement of facts
27  is attached to the Declaration of Greg Addington, filed herewith.

28                                   2

1    4. Probation Officer Lowry also alleged that Conlon had
2  taken his girlfriend's automobile on or about January 6, 1998,
3  without returning. The girlfriend reported that Conlon had left
4  their residence on that same date and that she had not seen him
5  since then. Probation Officer Lowry reported that Conlon's
6  current whereabouts were unknown and he requested a warrant for
7  Conlon's arrest.   See Lowry decl., paras. 10-11.

8    5.   On February 12, 1998, the Parole Commission issued a
9  violator warrant for Conlon on his special parole term. (Exhibit
10  4). Conlon was charged with a single violation of failing to
11  report a change in residence. Conlon was arrested on the
12  violation warrant on February 20, 1998. (Exhibit 5).   Following
13  Conlon's arrest on the warrant, Probation Officer Lowry had no
14  further involvement in Conlon's parole, supervision, or
15  incarceration. See Lowry decl., paras. 12-15.

16    6.   Conlon was given a preliminary interview on February 25,
17  1998, at which he admitted to the violation. (Exhibit 6, page 1).
18  The Parole Commission gave Conlon a revocation hearing on March
19  26, 1998.   (Exhibits 6 & 7). See Lowry decl., paras. 15-18.

20    7.   By a Notice of Action dated June 15, 1998, the Parole
21  Commission informed Conlon of the following decisions:   (1)
22  revoke special parole; (2) none of the time spent on special
23  parole should be credited; and (3) continue to a presumptive
24  parole after the service of 24 months (February 18, 2000) with
25  the special condition of alcohol aftercare.   (Exhibit 8).

26

27

28                              3

1   8.   Conlon appealed these decisions to the Parole
2   Commission's National Appeals Board on July 10, 1998, alleging
3   that the Commission lacked jurisdiction to issue a special parole
4   violator warrant for a violation that occurred while he was on
5   mandatory release supervision (Exhibit 9).

6   9.   By a Notice of Action on Appeal dated October 15, 1998,
7   the Parole Commission's National Appeals Board informed Conlon
8   that the previous decisions were affirmed and that his special
9   parole violator term was converted to a regular term of
10  imprisonment.   (Exhibit 10).

11  10. On July 27, 1998, Conlon filed a petition for a writ of
12  habeas corpus in the District of Arizona (Tucson).   On February
13  19, 1999, Conlon filed an amended petition for writ of habeas
14  corpus. (Exhibit 11).   He claimed that he was being illegally
15  held in violation of his right to due process on the ground that
16  his act of absconding tolled the running of his supervision term
17  and prevented the commencement of his special parole term. He
18  argued that he only could have been charged as a mandatory
19  release violator and, since his 12-year term of incarceration had
20  expired, the Commission no longer had jurisdiction to revoke his
21  mandatory release and sanction him for violations.

22  11. On November 29, 1999, District of Arizona Senior United
23  States District Judge William B. Browning granted Conlon's
24  petition for a writ of habeas corpus and ordered the Bureau of
25  Prisons to release him from custody on or before December 15,
26  1999. (Exhibit 12). The Court found "that the violation tolls the

27
28                              4

1  running of a parole term.   Thus, Petitioner's regular parole,
2  that should have expired on January 28, 1998, was tolled by his
3  previous act of absconding.   Therefore, his special parole term
4  never began and the Parole Commission never had jurisdiction to
5  issue the warrant to revoke Petitioner's special parole.
6  Petitioner has been incarcerated since his arrest on February 19,
7  1998.   Thus, the Court finds that petitioner should be released."
8  (Exhibit 12).

9       11.   Prior to Conlon's release on December 15, 1999, U.S.
10  Probation Officer Pat Foy had been requested to conduct a pre-
11  release investigation into the suitability of a release plan
12  proposed by Conlon.   U.S. Probation Officer Foy recommended the
13  rejection of the release plans which proposed Conlon's release to
14  Las Vegas, Nevada.   See Declaration of Pat Foy, paras. 8-11.

15       12.   Probation Officer Foy then learned of the Court order
16  directing Conlon's release on December 15, 1999.   Probation
17  Officer Foy also learned that Conlon had been directed to report
18  to a probation officer within 72 hours of his release. See Foy
19  Declaration, para. 12.

20       13. Because the District of Nevada had recommended against
21  Conlon's proposed release to Nevada, the Parole Commission issued
22  a special parole certificate in which it ordered Conlon to report
23  to the Western District of Texas, his district of conviction, for
24  supervision. (Exhibit 13). See Foy decl., paras. 12-15.

25

26

27

28                                    5

1    14. Upon his court-ordered release by the Bureau of Prisons

2  on December 15, 1999, Conlon refused to sign the special parole

3  certificate, although he did look at it. (Exhibits 13 & 14).  He

4  told the Bureau of Prisons that he intended to return to Nevada

5  rather than Texas. (Exhibit 14).

6    15.  On December 28, 1999, U.S. Probation Officer Pat Foy

7  sent a letter to the Parole Commission in which he notified the

8  Commission that Conlon had failed to report for supervision in

9  either the Western District of Texas or the District of Nevada

10 and requested a warrant for his arrest. (Exhibit 15). That

11 request was approved by Supervising U.S. Probation Officer Thomas

12 M. Collins.  See Foy decl., paras. 12-17,23-24; Declaration of

13 Thomas Collins, para. 7.

14    16. On January 12, 2000, the Parole Commission issued a

15 warrant for Conlon's arrest, charging him with failure to report

16 for supervision. (Exhibit 16).  Conlon was arrested under the

17 warrant in Minnesota on April 17, 2000, after his arrest on new

18 criminal charges of fraud and false information to a police

19 officer. (Exhibit 17). See Foy decl., paras. 17-19.

20    17. Conlon was given a preliminary interview on May 3, 2000.

21 (Exhibit 18).  On June 2, 2002, the Parole Commission

22 supplemented its warrant application to include the new criminal

23 charges of fraud and false information to a police officer.

24 (Exhibit 19).

25    18.  Following Conlon's arrest in Minnesota and his initial

26 interview there, U.S. Probation Officer Foy had no further

27

28                                6

1 involvement in Conlon's parole, supervision, or incarceration.
2 See Foy decl., para. 22.

3    19.   Other than their general supervisory duties within the
4 U.S. Probation Office, (current) Deputy Chief U.S. Probation
5 Officer Thomas Collins and (former) Deputy Chief U.S. Probation
6 Officer John Lawhead (now retired) had no involvement in Conlon's
7 parole or supervision or incarceration. See Foy decl., paras. 23-
8 24; Lowry decl., paras. 19-20; Collins decl., paras. 3-7.

9    20.   After his arrest, Conlon filed a motion in the District
10 of Arizona to reopen his habeas corpus case. On May 1, Judge
11 Browning granted the motion and scheduled a hearing for June 12,
12 2000. (Exhibit 20). The hearing was apparently continued to
13 August 7, 2000.  On June 16, 2000, the court issued a clarifying
14 order in which it stated: "The issue for consideration at the
15 August 7, 2000 hearing shall be whether this Court's Order of
16 November 30, 1999, granting a Writ of Habeas Corpus, which did
17 not order the Petitioner to resume contact with the Parole
18 Commission, obviated the resumption of Petitioner's parole
19 status.  Respondents are ordered to address this issue in a brief
20 filed with this Court by at least July 31, 2000." (Exhibit 21).

21    21. Apparently because Conlon was having dental surgery, the
22 August hearing was postponed and rescheduled first for November
23 and then for December 11, 2000.  Plaintiff failed to appear at
24 the December 11 hearing and Judge Browning issued a bench warrant
25 on December 12, 2000 for his arrest.  (Exhibit 22).    20. On
26 August 24, 2001, after Conlon was brought before him on the bench

27

28                                7

1  warrant, Judge Browning vacated Conlon's special parole term as a

2  matter of equity and ordered him released no later than August

3  31, 2001.  (Exhibit 23).

4       22.  Pursuant to the court's order, on September 7, 2001,

5  the Parole Commission issued a Notice of Action in Conlon's case

6  in which it ordered: "Withdraw the warrant dated 7/13/01 and

7  close case." (Exhibit 24).

8       23.  Prior to March 24, 2003, none of the individual

9  defendants (Ashcroft, Bailey, Foy, Simpson, Lowry, Collins,

10  Lawhead) has been served with a summons and the second amended

11  complaint in this action. See Summonses issued on March 24, 2003

12  (#43). None of the individual defendants has been served with

13  process with respect to the initial complaint or the first

14  amended complaint. See Foy decl., para. 7; Collins decl., para.

15  6; Lowry decl., para. 6.

16       24.  Defendant Nancy Bailey does not live in and does not

17  have any permanent association with the District of Nevada. See

18  Declaration of Nancy Bailey.

19       25.  The conduct of all individually named defendants was

20  conduct taken in the course of their federal employment duties.

21

22

23

24

25

26

27

28                                    8

1  <u>See</u> Foy decl., paras. 4-6; Collins decl., paras. 3-5; Lowry

2  decl., para. 4-5.

3                          Respectfully submitted,

4                          DANIEL G. BOGDEN
                           United States Attorney
5

6

7                          GREG ADDINGTON
                           Assistant United States Attorney
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                 9

1 | DANIEL G. BOGDEN
United States Attorney

2

GREG ADDINGTON
3 | Assistant United States Attorney
Nevada Bar # 6875
4 | 100 West Liberty Street, Suite 600
Reno, NV  89501
5 | (775) 784-5438
(775) 784-5181-facsimile

6

7 | UNITED STATES DISTRICT COURT

8 | DISTRICT OF NEVADA

9 | MICHAEL J. CONLON,                    )
                                        )
10 |        Plaintiff,                    )    CV-N-01-700-DWH-VPC
                                        )
11 |        v.                           )    DECLARATION OF KEVIN LOWRY
                                        )
12 | UNITED STATES OF AMERICA;           )
UNITED STATES DEPARTMENT OF           )
13 | JUSTICE;                            )
JOHN ASHCROFT, Attorney General;)
14 | FEDERAL BUREAU OF PRISONS;          )
NANCY BAILEY, Warden of FGI,          )
15 | Safford, Arizona;                   )
UNITED STATES PAROLE COMMISSION;)
16 | JOHN R. SIMPSON; U.S. Parole        )
Commissioner;                         )
17 | UNITED STATES PROBATION OFFICE; )
KEVIN LOWRY, U.S. Probation           )
18 | Officer;                            )
PATRICK FOY, U.S. Probation           )
19 | Officer;                            )
THOMAS COLLINS, U.S. Probation        )
20 | Officer;                            )
JOHN LAWHEAD, U.S. Probation          )
21 | Officer;                            )
UNITED STATES SENTENCING              )
22 | COMMISSION;                         )
                                        )
23 |          Defendants.               )
                                        )
   |_____)

24

25

26

27

28

## DECLARATION OF KEVIN LOWRY

I, Kevin Lowry, hereby declare as follows pursuant to 28 U.S.C., section 1746:

1.   I am employed by the U.S. Probation Office for the District of Nevada as a Supervising U.S. Probation Officer.   I have been so employed for approximately two years.   I am one of the named defendants in the civil action captioned <u>Michael J. Conlon v. U.S. America, et al.</u>, CV-01-700-DWH (District of Nevada).   My office is located in Las Vegas, Nevada.

2.   I have been a U.S. Probation Officer for the District of Nevada since January 1991.

3.   As a probation officer, I supervise offenders on federal probation, on supervised release, or on parole granted by the U.S. Parole Commission.

4. I have had no affiliation or association with the plaintiff Michael Conlon other than in the performance of my official duties and responsibilities as a U.S. Probation Officer.

5.   The allegations of the complaint arise entirely out of my official conduct as a U.S. Probation Officer.

6.   I have seen a copy of the complaint in this civil action by reviewing the supervision file regarding Michael Conlon.   A copy of the complaint is in the file. To date, I have not received the complaint by any means other than the copy which is in the supervision file and I have never seen or received a summons directed to me.

7.   My first involvement with Michael Conlon was in November 1997, when Conlon was issued a parole certificate by the U.S. Parole Commission (USPC) directing his him to contact a probation officer

1

1 within 72 hours of his release from custody. I was assigned to

2 supervise Conlon's term of parole.

3     8. Conlon's term of parole was to commence on his release date

4 (November 7, 1997) and terminate on January 28, 1998, at which time a

5 special term of parole was to commence which would terminate on

6 January 27, 2006.

7     9. On November 10, 1997, I interviewed Conlon for purposes of

8 parole supervision. I enrolled Conlon in a substance abuse treatment

9 program.

10     10. On January 29, 1998, I spoke to Conlon's girlfriend, who

11 informed me that Conlon had stolen her car and had been gone since

12 January 6, 1998.

13     11. On February 2, 1998, I prepared a violation report and a

14 request for warrant based on Conlon's failure to advise the probation

15 office within 2 days of a change of residence, failure to submit a

16 written monthly report between the first and third day of each month,

17 and failure to comply with all laws (based on the auto theft).

18     12. Based on my request, the USPC issued a warrant of arrest for

19 Conlon on February 12, 1998 for failure to report the change of

20 residence.

21     13. Conlon was arrested on February 19, 1998.

22     14. Following Conlon's arrest in February 1998, I had no further

23 role in connection with Conlon's parole, supervision, or

24 incarceration.

25     15. Following Conlon's arrest in February 1998, another

26 probation officer interviewed Conlon regarding the reported parole

27 violation. Conlon admitted to the charge and offered no excuse other

28

1  than alcohol intake.

2      16.  A recommendation was made to the U.S. Parole Commission that

3  further parole violation proceedings be initiated in connection with

4  the charged violation.

5      17.  On June 5, 1998, Conlon was returned to custody with a

6  release date of February 18, 2000.

7      18.  Other than the events described above, I have had no

8  involvement in Conlon's supervision, incarceration, or parole.

9      19.  During the time of the events described above, Tom Collins

10 was my supervisor within the U.S. Probation Office.  Mr. Collins had

11 no involvement with Conlon other than as my supervisor, which required

12 him to approve the recommendations and requests to the USPC.

13     20.  During the time of the events described, John Lawhead was

14 the Deputy Chief U.S. Probation Officer the District of Nevada.  Mr.

15 Lawhead is now retired.  Mr. Lawhead had no involvement with Conlon

16 other than as a supervisor of the probation office.

17

18     I declare under penalty of perjury that the foregoing is true and

19 correct.

20     Executed 6/20/      , 2002 in Las Vegas, Nevada.

21

22                              KEVIN LOWRY
                                Supervising U.S. Probation Officer
23                              District of Nevada

24

25

26

27

28

                              3

1  DANIEL G. BOGDEN
   United States Attorney
2
   GREG ADDINGTON
3  Assistant United States Attorney
   Nevada Bar # 6875
4  100 West Liberty Street, Suite 600
   Reno, NV  89501
5  (775) 784-5438
   (775) 784-5181-facsimile
6

7              UNITED STATES DISTRICT COURT

8                 DISTRICT OF NEVADA

9  MICHAEL J. CONLON,                )
                                     )
10      Plaintiff,                   )   CV-N-01-700-DWH-VPC
                                     )
11      v.                           )   DECLARATION OF PAT FOY
                                     )
12  UNITED STATES OF AMERICA;        )
    UNITED STATES DEPARTMENT OF      )
13  JUSTICE;                         )
    JOHN ASHCROFT, Attorney General;)
14  FEDERAL BUREAU OF PRISONS;       )
    NANCY BAILEY, Warden of FGI,     )
15  Safford, Arizona;                )
    UNITED STATES PAROLE COMMISSION;)
16  JOHN R. SIMPSON; U.S. Parole     )
    Commissioner;                    )
17  UNITED STATES PROBATION OFFICE; )
    KEVIN LOWRY, U.S. Probation      )
18  Officer;                         )
    PATRICK FOY, U.S. Probation      )
19  Officer;                         )
    THOMAS COLLINS, U.S. Probation   )
20  Officer;                         )
    JOHN LAWHEAD, U.S. Probation     )
21  Officer;                         )
    UNITED STATES SENTENCING         )
22  COMMISSION;                      )
                                     )
23         Defendants.               )
                                     )

24  _____

25

26

27

28

## DECLARATION OF PAT FOY

I, Pat Foy, hereby declare as follows pursuant to 28 U.S.C., section 1746:

1.   I am employed by the U.S. Probation Office for the District of Nevada as a Supervising U.S. Probation Officer.  I have been so employed since April 2001.  I am one of the named defendants in the civil action captioned <u>Michael J. Conlon v. U.S. America, et al.</u>, CV-01-700-DWH (District of Nevada).  My office is located in Las Vegas, Nevada.

2.   I have been a U.S. Probation Officer for the District of Nevada since March 1978.

3.   As a probation officer, I performed investigations and supervision duties (regarding ex-offenders) as directed by the U.S. Courts and the U.S. Department of Justice (U.S. Bureau of Prisons and U.S. Parole Commission).

4.  I have had no affiliation or association with the plaintiff Michael Conlon other than in the performance of my official duties and responsibilities as a U.S. Probation Officer.

5.   I have never met nor spoken to Michael Conlon.

6.   The allegations of the complaint arise entirely out of my official conduct as a U.S. Probation Officer.

7.   I received a copy of the complaint in this civil action by transmittal of the complaint from the probation office in Arizona. The summons which accompanied the complaint is directed to "U.S. Federal Judiciary, Probation Office" in Tucson. To date, I have not received the complaint by any means other than the transmittal described above and I have never received a summons directed to me.

1

1

2      8.   My first involvement with Michael Conlon was in August 1999,

3   when I was requested to conduct a pre-release investigation into a

4   proposed release to the Clark Center, a community corrections center

5   in Las Vegas.   I recommended against the proposed release due to a

6   previous failure of Conlon at the same center and due to the center's

7   unwillingness to accept Conlon.   At the time, Conlon was incarcerated

8   at a BOP facility in Safford, Arizona.

9      9.   My next involvement with Michael Conlon was in October 1999,

10   when I was requested to conduct a pre-release investigation regarding

11   another release plan.   The plan proposed residence, but no employment

12   for Conlon upon release for parole supervision to the District of

13   Nevada in February 2000.

14      10.   In October 1999, I recommended to the Safford facility that

15   the release plan was unacceptable to the District of Nevada.   My

16   recommendation was based, in part, on the absence of a designated

17   viable residence in Nevada and the lack of proposed employment in Las

18   Vegas.

19      11.   A copy of my October 1999 recommendation was sent to the

20   U.S. Parole Commission (USPC).   The USPC makes a determination as to

21   whether to issue a parole certificate to the inmate and the terms of

22   the certificate.

23      12.   On December 15, 1999, I was informed by a case manager at

24   the Safford BOP facility that Conlon had been released by court order

25   earlier the same day and that Conlon had been directed to contact the

26   probation office in Las Vegas within 72 hours.

27      13.   Having not heard from Conlon, I began making enquiries on

28   December 28, 1999 regarding Conlon's whereabouts.   I visited the

1 apartment complex which Conlon had designated as his proposed
2 residence and was advised that he was not there. I contacted Conlon's
3 local attorney and was advised that he had had no contact with Conlon
4 subsequent to his release on December 15, 1999.

5 14. On December 28, 1999, I contacted the Safford BOP facility
6 and learned that the parole certificate issued by the USPC directed
7 Conlon to contact the probation office in the Western District of
8 Texas (the district where Conlon was convicted).

9 15. I then contacted the probation office in the Western
10 District of Texas and was informed that Conlon had not reported to any
11 of the probation offices for that district.

12 16. On December 28, 1999, I prepared a violation report and a
13 request for warrant based on Conlon's failure to report for parole
14 supervision within 72 hours of release, either in Nevada or in the
15 Western District of Texas.

16 17. Based on my request, the USPC issued a warrant of arrest for
17 Conlon on January 12, 2000.

18 18. I learned that Conlon had been apprehended in Minnesota in
19 April, 2000.

20 19. I provided information from the supervision file to the
21 probation officer in Minnesota for use in the interview and evaluation
22 process.

23 20. In late June 2000, I was informed that Conlon had been
24 released into the community and placed on inactive supervision status
25 pending a district court hearing in Tucson, Arizona in August 2000.

26 21. In June 2001, I was advised that Conlon had been arrested in
27 Michigan and was to be returned to Arizona. I was requested to
28 provide information concerning Conlon's parole status. I contacted

3

1 the USPC and was advised that the USPC was awaiting a district court
2 ruling from the District of Arizona.

3   22.  Other than the events described above, I have had no
4 involvement in Conlon's supervision, incarceration, or parole.

5   23.  During the time of the events described above, Tom Collins
6 was my supervisor within the U.S. Probation Office.  Mr. Collins had
7 no involvement with Conlon other than as my supervisor, which required
8 him to approve the recommendations and requests to the USPC.

9   24.  During the time of the events described, John Lawhead was
10 the Deputy Chief U.S. Probation Officer the District of Nevada.  Mr.
11 Lawhead is now retired.  Mr. Lawhead had no involvement with Conlon
12 other than as a supervisor of the probation office.

13

14   I declare under penalty of perjury that the foregoing is true and
15 correct.

16   Executed June 18, 2002 in Las Vegas, Nevada.

17

18

19                      PAT FOY
                        Supervising U.S. Probation Officer
20                      District of Nevada

21

22

23

24

25

26

27

28

4

1 | DANIEL G. BOGDEN
United States Attorney

2 |

3 | GREG ADDINGTON
Assistant United States Attorney
Nevada Bar # 6875

4 | 100 West Liberty Street, Suite 600
Reno, NV  89501

5 | (775) 784-5438
(775) 784-5181-facsimile

6 |

7 |                   UNITED STATES DISTRICT COURT

8 |                       DISTRICT OF NEVADA

9 | MICHAEL J. CONLON,                    )
                                         )
10 |        Plaintiff,                    )   CV-N-01-700-DWH-VPC
                                         )
11 |        v.                           )   DECLARATION OF THOMAS COLLINS
                                         )
12 | UNITED STATES OF AMERICA;           )
UNITED STATES DEPARTMENT OF              )
13 | JUSTICE;                            )
JOHN ASHCROFT, Attorney General;)
14 | FEDERAL BUREAU OF PRISONS;          )
NANCY BAILEY, Warden of FGI,            )
15 | Safford, Arizona;                   )
UNITED STATES PAROLE COMMISSION;)
16 | JOHN R. SIMPSON; U.S. Parole        )
Commissioner;                           )
17 | UNITED STATES PROBATION OFFICE;     )
KEVIN LOWRY, U.S. Probation             )
18 | Officer;                            )
PATRICK FOY, U.S. Probation             )
19 | Officer;                            )
THOMAS COLLINS, U.S. Probation          )
20 | Officer;                            )
JOHN LAWHEAD, U.S. Probation            )
21 | Officer;                            )
UNITED STATES SENTENCING                )
22 | COMMISSION;                         )
                                         )
23 |            Defendants.              )
                                         )
     _____)

24 |

25 |

26 |

27 |

28 |

## DECLARATION OF THOMAS COLLINS

I, Thomas Collins, hereby declare as follows pursuant to 28 U.S.C., section 1746:

1. I am employed by the U.S. Probation Office for the District of Nevada as a Deputy Chief U.S. Probation Officer. I have been so employed for approximately two years. I am one of the named defendants in the civil action captioned <u>Michael J. Conlon v. U.S. America, et al.</u>, CV-01-700-DWH (District of Nevada). My office is located in Las Vegas, Nevada.

2. I have been a U.S. Probation Officer for approximately twenty-six years.

3. I have had no affiliation or association with the plaintiff Michael Conlon other than in the performance of my official duties and responsibilities as a supervising U.S. Probation Officer.

4. I do not recall ever speaking to or meeting Michael Conlon.

5. The allegations of the complaint arise entirely out of my official conduct as a U.S. Probation Officer.

6. I have seen a copy of the complaint in this civil action. The complaint which I have seen was sent to the probation office in Arizona and then transmitted to the Nevada office. The complaint was shown to me by my Chief. To date, I have not received the complaint by any means other than that described above and I have never seen or received a summons directed to me.

7. My only involvement with Michael Conlon was as a supervisor of Pat Foy, U.S. Probation Officer, during Mr. Foy's pre-release investigation of Conlon's release plans and Mr. Foy's subsequent request to the U.S. Parole Commission for a warrant of arrest. I had

1  no direct role in Conlon's supervision on parole.  As Mr. Foy's

2  supervisor, I would have approved his recommendations to the U.S.

3  Parole Commission.

4

5      I declare under penalty of perjury that the foregoing is true and

6  correct.

7      Executed _June 24____, 2002 in Las Vegas, Nevada.

8

9                          _Thomas Collins_____

                            THOMAS COLLINS

10                          Deputy Chief U.S. Probation Officer
                            District of Nevada

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              2

RECEIVED
U.S. ATTORNEY'S

MAY 13   3 46 PM '02

LAS VEGAS, NV

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL J. CONLON

     Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

     Defendants.

CV 01-0700-DWH-VPC

## DECLARATION OF NANCY BAILEY

I, Nancy Bailey, hereby declare and state as follows:

1. I am the Warden assigned to the the Federal Correctional Institution (FCI), Fort Dix, New Jersey. Prior to my current position, I served as Warden at FCI, Safford Arizona from November, 1997 through December, 1999.

2. In my former position as Warden at FCI, Safford, I had overall supervision of all staff and inmates assigned to that institution. Many of the tasks at the institution were assigned to various departments. For example, inmate sentence computations were prepared and maintained by the Inmate Systems Management Department. Additionally, in cases involving "old law" (offenses which occurred prior to November 1, 1987) inmates, the United States Parole Commission determined the date of the release of these inmates.

3. I do not currently reside in the State of Nevada. Additionally, I do not own any real property located in the State of Nevada.

2

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this  1st day of May, 2002 in Ft. Dix, New Jersey.

NANCY BAILEY
Warden
Federal Correctional Institution
Ft. Dix, New Jersey

1 | DANIEL G. BOGDEN
United States Attorney

2

GREG ADDINGTON
3 | Assistant United States Attorney
Nevada Bar # 6875
4 | 100 West Liberty Street, Suite 600
Reno, NV  89501
5 | (775) 784-5438
(775) 784-5181-facsimile

6

7                   UNITED STATES DISTRICT COURT

8                       DISTRICT OF NEVADA

9 | MICHAEL J. CONLON,                 )
                                       )
10 |       Plaintiff,                   )   CV-N-01-700-DWH-VPC
                                       )
11 |    v.                             )   DECLARATION OF GREG ADDINGTON
                                       )
12 | UNITED STATES OF AMERICA;         )
UNITED STATES DEPARTMENT OF            )
13 | JUSTICE;                          )
JOHN ASHCROFT, Attorney General;)
14 | FEDERAL BUREAU OF PRISONS;        )
NANCY BAILEY, Warden of FGI,           )
15 | Safford, Arizona;                 )
UNITED STATES PAROLE COMMISSION;)
16 | JOHN R. SIMPSON; U.S. Parole      )
Commissioner;                          )
17 | UNITED STATES PROBATION OFFICE;   )
KEVIN LOWRY, U.S. Probation            )
18 | Officer;                          )
PATRICK FOY, U.S. Probation            )
19 | Officer;                          )
THOMAS COLLINS, U.S. Probation         )
20 | Officer;                          )
JOHN LAWHEAD, U.S. Probation           )
21 | Officer;                          )
UNITED STATES SENTENCING               )
22 | COMMISSION;                       )
                                       )
23 |          Defendants.              )
                                       )

24

25 |      I GREG ADDINGTON, declare as follows pursuant to 28 USC,

26 | section 1746.

27 |      1.  I am employed as an Assistant United States Attorney for

28 | the District of Nevada.  My office is located in Reno, Nevada.

1    2.  I am assigned litigation responsibility for the within

2  action.

3    3.  Attached hereto are exhibits 1-24.  Each exhibit is a

4  document obtained from official files maintained by the U.S.

5  Parole Commission and forwarded to me by officials of the U.S.

6  Parole Commission.

7    I declare under penalty of perjury that the foregoing is

8  true and correct and that this declaration is executed on June

9  21, 2002 at Reno, Nevada.

GREG ADDINGTON

2

THE W___ N DISTRICT OF TEXAS
AUSTIN ___ISION

**DEFENDANT**
MICHAEL JOHN CONLO___
c/o F.C.I. BASTROP
P.O. Box 1010
Bastrop, Texas 78602

DOCKET NO. _____   A-86-CR-24(1)

# JUDGMENT AND PROBATION/COMMITMENT ORDER  AO 245 (5

|  | MONTH  | DAY | YE |
|---|---|---|---|

In the presence of the attorney for the government
the defendant appeared in person on this date ⟶   August 8, 1986

**COUNSEL**

☐ WITHOUT COUNSEL     However, the court advised defendant of right to counsel and asked whether defendant desired to ⌐
counsel appointed by the court and the defendant thereupon waived assistance of counsel.

☒ WITH COUNSEL    Allen W. Church _____
(Name of Counsel)

**PLEA**

☒ GUILTY, and the court being satisfied that     ☐ NOLO CONTENDERE,     ☐ NOT GUILTY
there is a factual basis for the plea, at re-arraignment on June 13, 1986,

There being a finding/verdict of {
☐ NOT GUILTY. Defendant is discharged
☒ GUILTY.
}

**FINDING &
JUDGMENT**

Defendant has been convicted as charged of the offense(s) of on or about February 25, 1986, defenda
unlawfully, knowingly, and intentionally did distribute approximately one our
of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of
U.S.C. § 841(a)(1), as charged in count 2 of the indictment.

**SENTENCE
OR
PROBATION
ORDER**

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the con⌐
was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defenda
hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of TWELVE (12⌐
YEARS pursuant to 18 U.S.C. § 4205(a), assessed a special parole term of EIGHT (8)
and Fined THREE THOUSAND ($3,000.00) DOLLARS, which shall be paid to the Attor
General.
    IT IS FURTHER ORDERED that the defendant shall be required to immediately
to the Attorney General a penalty assessment in the amount of $50.00 for the purp
of funding a federal crime victims fund, pursuant to the "Victims of Crime Act
1984", 18 U.S.C. § 3013.
    Further, pursuant to the provisions of 18 U.S.C. § 3565, the defendant sl
notify the U.S. Attorney of any change in name or address.

**SPECIAL
CONDITIONS
OF
PROBATION**

    Upon motion of the U.S. Attorney and in accordance with the plea agreeme
counts 1 and 4 of the indictment are hereby dismissed as to the defendant Mich
John Conlon.

**ADDITIONAL
CONDITIONS
OF
PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on
reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation,
at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant
revoke probation for a violation occurring during the probation period.

**COMMITMENT
RECOMMEN-
DATION**

The court orders commitment to the custody of the Attorney General and recommends,
that during the period of confinement, the defendant
receive treatment and counselling for substance abuse.

It is ordered that the Clerk deliv
a certified copy of this judgme
and commitment to the U.S. Ma
shal or other qualified officer.

A true copy of the origi___ ___
CHARLES W. VAGNER
Clerk, U.S. District Court

**SIGNED BY**

☒ U.S. District Judge

☐ U.S. Magistrate

JAMES R. NOWLIN     Dat__ August 8, 1986

EXHIBIT

 

**U.S. Department of Justice**
**United States Parole Commission**

( X ) **Certificate of Mandatory Release**
( ) **Certificate of Mandatory Release to Special Parole**
( ) **Certificate of Special Parole**
( ) **Certificate of Court Designated Parole**

It is certified that CONLON, Michael John _____ 34271-080
                            (Name)                                        (Register No.)

now confined in the NORTH LAS VEGAS DETENTION CENTER, 2222 CONSTITUTION WAY, NORTH LAS VEGAS, NV 89030
                                                    (Facility)

(X) **MANDATORY RELEASE**
is entitled to 263 Statutory and/or Extra Good Time deductions from the maximum term of sentence imposed as provided by law, and is hereby released from this institution under said sentence on NOV. 7, 19 97 Said person was released by the undersigned according to Title 18, U.S.C. Section 4163. Upon release the above named person is to remain under the jurisdiction of the United States Parole Commission, as if on parole as provided in Title 18, U.S.C. Section 4164, as amended under the conditions set forth on the reverse side of this certificate, and is subject to such conditions until expiration of the maximum term, or terms of sentence, less 180 days on 01-28 19 98 with a total of 262 days remaining to be served.

(X) **SPECIAL PAROLE**
is subject to a special parole term commencing 01-28 19 98 in accordance with the Drug Abuse Prevention and Control Act, 21 U.S.C. 801, et seq. with a total of _____ days remaining to be served. Upon release the above named person is to remain under the jurisdiction of the United States Parole Commission and will be under the conditions set forth on the reverse side of this certificate until 01-27 2008

( ) **COURT DESIGNATED PAROLE**
has completed service of the period of time specified by the sentencing court and is hereby released as if on parole from this institution under said sentence on _____ 19 _____ with a total of _____ days. remaining to be served until maximum expiration of sentence. Said person is released by the undersigned according to Title 18, U.S.C. Section 4205 (f).

He/she is to remain within the limits of District of Nevada _____
                                                (District of Supervision)

DAVID S. SANDERS, CUSPO
      (Chief U.S. Probation Officer)

RECEIVED JAN 12 1998 P.M.

This certificate in no way lessens the obligations of the person being released to satisfy payment of any fine included in the sentence, nor will it prevent delivery of said person to authorities of any state otherwise entitled to custody.

I have read, or had read to me, the conditions of release printed on the reverse of this certificate and received a copy thereof, I fully understand them and know that if I violate any of them, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole/mandatory release if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the United States Parole Commission upon notice required by law.

_____ (Inmate Signature)                 34271-080 (Register No.)

Witnessed: _____

JRS #1169 (Title)                                   (Date)

_____
(Chief Executive Officer)

Initial Risk Category: _____

Community Correction Salt Lake City (Institution and Location)

EXHIBIT 2

EACH COPY **MUST** BE SIGNED INDIVIDUALLY IN INK.

PAROLE FORM I-33

 *HA H* *N/R*



**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**PROBATION OFFICE**

**DAVID F. SANDERS**
**CHIEF PROBATION OFFICER**
**411 BONNEVILLE AVENUE**
**SUITE 400**
**LAS VEGAS, NV**
**89101-6632**

**PHONE:  (702) 388-6428**
**FAX:      (702) 388-6731**

February 2, 1998

Commissioner
U. S. Parole Commission
5550 Friendship Boulevard, Suite 420
Chevy Chase, Maryland  20815-7286

Attention:  Post Release Analyst

RE:  CONLON, Michael John
Reg. No.: 34271-080
Release Date: 11/07/97
Parole Exp. Date:  01/27/2006
Institution: North Las Vegas
  Detention Center
2222 Constitution Way
North Las Vegas, NV  89030

**VIOLATION REPORT-WARRANT**
**REQUEST**

Dear Commissioner:

Be advised that the above-named individual has allegedly violated
the conditions of his parole as follows:

1. **CONDITION NO. 4** - **Shall notify your probation officer within**
   **2 days of any change in your place of residence.**

   According to the offender's live-in girlfriend, Melodee
   Chastaine the offender vacated his reported residence on
   January 6, 1998.  She has not seen the offender since that
   time.  His current whereabouts are unknown.

2. **CONDITION NO. 5** - **You shall make a complete and truthful**
   **written report to your probation officer between the first and**
   **third day of each month.**

   The offender has failed to submit a written monthly report
   since December 5, 1997 and his current whereabouts are
   unknown, therefore, he is considered an absconder by the U. S.
   Probation Office.


EXHIBIT
3  3



Commissioner
Page 2
February 2, 1998

RE:  CONLON, Michael John

3.   **CONDITION NO. 6** - **You shall not violate any law.**

On January 29, 1998, the supervising probation officer spoke
with the offender's girlfriend, Melodee Chastaine.  She
reported that the offender had taken her yellow 1987 Corvette,
Nevada license number 990 HXG on or about January 6, 1998,
without returning it.  She informed the probation officer that
she was reporting the car as stolen as of this date.

4.   **CONDITION NO. 14** - **You shall submit to drug testing whenever
ordered by your probation officer.**

On November 20, 1997, the offender was enrolled in a random
urinalysis at the U. S. Probation Office.  He was scheduled to
test at the rate of four times per month.  The offender has
failed   to   show   up   for   random   urinalysis   since
December 20, 1997.

Due to the offender's history of substance abuse, he is a threat to
himself and the community.  This opinion is based on the offender's
prior criminal history and numerous prior failures on parole.  It
is respectfully recommended that a warrant be issued as soon as
possible.

Sincerely,

KEVIN D. LOWRY, Senior
U. S. Probation Officer

KDL:mm

APPROVED:

ELIZABETH A. CUMMINGS, Supervising
U. S. Probation Officer



**U.S. DEPARTMENT OF JUSTICE**
UNITED STATES PAROLE COMMISSION

**WARRANT APPLICATION**

| | |
|---|---|
| Case Of ..................... CONLON, Michael John | Date .............................. February 12, 1998 |
| Reg. No ...................... 34271-080 | SPT Termination Date ................. 1/27/2006 |
| FBI No ....................... 111801X5 | Violation Date ........................ 1/31/98 |
| Birth Date ................... 4/29/53 | Released .......................... 1/28/98 (to SPT) |
| Race ......................... White | |
| Sentence Length ............. 12 Yrs w/8 Yrs SPT (Original); 739 days (PV Term) | |
| Original Offense ............. Distribution of Cocaine | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

**CHARGES:**

Charge No. 1 - Failure to Report Change in Residence. Some time before 1/28/98, subject left his last known residence at Las Vegas, Nevada. Subject has failed to advise his USPO of his current address and his whereabouts are unknown. This charge is based on information contained in the letter dated 2/2/98 from USPO Lowry.
I ADMIT [  ] or DENY [  ] this charge.

Preliminary Interview Is Required

Warrant Recommended By:

_____
Helen A. Berman, Case Analyst
U.S. Parole Commission,

Warrant Issued.......................................February 12, 1998

Probation Office Requesting Warrant..District of Nevada (1 - Main (Las Vegas))
(  ) Commission        (  ) Inmate        (  ) Institution        (  ) USPO        (  ) Interviewing Officer        (  ) Chron

**EXHIBIT**
**4**





*2/24/98*

P.I.
needed

# UNITED STATES MARSHALS SERVICE
## District of Nevada
### Las Vegas

Post Office Box 16039
Las Vegas, NV 89101
Office: (702) 388-6704 Facsimile: (702) 388-6937

*H. Herman*

TO: _US Parole Commission H._

FROM: _Doris_

DATE: _2·24·98_

NUMBER OF PAGES: _2_ EXCLUDING COVER SHEET

COMMENTS: _Conlon, Michael J.   39271-080_
_Parole Violator is in custody USM Las Vegas NV_
_as of 2·23·98. He is incarcerated at CCDC_
_Las Vegas NV awaiting your designation._
_Subject was arrested on 2·19·98._

WARNING:  MANY FACSIMILE MACHINES PRODUCE COPIES ON THERMAL PAPER. THE IMAGE IS UNSTABLE AND WILL DETERIORATE SIGNIFICANTLY IN A FEW YEARS. IT SHOULD BE COPIED ON PLAIN PAPER PRIOR TO FILING AS A RECORD.

EXHIBIT

5



# WARRANT

**U.S. Department of Justice**
**United States Parole Commission**

To Any Federal Officer Authorized To Serve Criminal Process Within The United States:

WHEREAS, CONLON, Michael John, Reg. No. 34271-080 was sentenced by the United States District Court to serve a sentence of 12 Years with 8 Years Special Parole Term (Original); 739 days (Parole Violator Term) for the crime of Distribution of Cocaine and on January 28, 1998 completed the Mandatory Release Term and commenced the Special Parole Term with Eight Years remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 12, 1998.

_____
U.S. Parole Commissioner

 

WARRANT for return of Prisoner released to supervision or to Special Parole Term

| _____ | _____ | _____ |
| (Name) | (Number) | (Institution) |

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission. (See accompanying instructions on Form H-24.)

_____ District of _Nevada_ ss:

Received this writ the ___12___ day of __Feb__ , 19 _98_ , and executed same by arresting the within-named _Michael Conlon_ _____ this __20__ day of __Feb__ , 19 _98_ , at _CCDC Las Vegas, N_ and committing him to _SAME_ _____

_____ _Jose Troncoso_
(U.S. Marshal)

By _L. Boyer_
(Deputy Marshal)

Further executed same by committing him to _____ at _____ on _____ , 19____ , the institution designated by the Attorney General, with the copy of the Warrant and warrant application.

_____
(U.S. Marshal)

By _____
(Deputy Marshal)

NOTE.—The original of this warrant is to be returned to U.S. Parole Comissioner of the parole region where it was issued.

I have received a copy of the warrant application dated _Feb 12, 1998_ _____

Signature _D M. Conlon_ _____

Date _Feb 23, 1998_ _____

(If subject refuses to sign, Marshal shall so indicate.)

 

## REVOCATION PREHEARING ASSESSMENT

Hearing Type: Revocation Institutional    Institution: Oklahoma FTC

Name:         Conlon, Michael          Projected MR Date:

Reg No:       34271-080                Full Term Date:  1/27/2006

Date of Birth: 4/29/53                 Fines/Restitution/Court Assessment:  None

Date Dictated: 5/1/98                  Reviewer:    Haworth, (JRH)

---

### I.    PREVIOUS COMMISSION ACTION:

In August of 1986 subject received a 12 year RA term for distribution of
Cocaine.  He had a 8 year special parole term to follow.  His first parole
was on 5/2/90 and that was revoked September 1991 for new criminal behavior
and administrative violations.  He was reparoled after 12 months on 3/20/92
and that parole was revoked 12/28/92 for administrative violations.
Subject's third parole was on 9/15/93 and a warrant was issued
approximately 60 days later and executed on 11/30/93.  A NOA dated 4/13/94
ordered that parole be revoked, all the time spent on parole was credited
and subject was granted a new release date after service of 16 months
(3/30/95).  That date was delayed numerous times for release planning and
subject was finally given a release date of 11/30/95.  At that time, he had
a full term date of 6/19/98 and was to begin his 8 year special parole term
at that time.  However, a warrant was issued 6/27/96 and executed 7/17/96.
A NOA dated 12/7/96 ordered that parole be revoked partial credit for
street time was given and subject was ordered to continue to expiration
with special drug and alcohol aftercare.

The subject was released on mandatory release 11/7/97.  That MR term was to
expire 1/28/98 and subject was to begin his 8 year special parole term.
Subject did begin that special parole term on 1/28/98 and his violation
behavior had already started at that time.

### II.   REVIEW OF CHARGES:

**Charge No. 1 - Failure to Report Change in Residence.**

USPO Lowry reported in his letter of 2/2/98 that sometime during January
that subject left his last known residence in Las Vegas, Nevada and did not
tell his USPO where he was going.  His whereabouts were unknown at the time
of USPO Lowry's letter.

A Preliminary Interview was conducted on 2/25/98 and during that hearing
subject admitted to the violation.

### III.  COMMUNITY RESOURCES AND PAROLE RISK:

The subject has little or nothing available in the way of community
resources.

CONLON.342                                          Page 1 of 2

EXHIBIT
6

 

## IV.  SALIENT FACTOR SCORE:

A = 1    Subject has three or more prior convictions.

10/17/82:  Driving While Intoxicated - 3 years probation and fine.

01/17/84:  Theft - 48 days in jail and a fine.

03/05/86:  Distribution of Cocaine - 12 years plus 8 years special parole term (current offense).

B = 0    Subject has five prior commitments of more than 30 days that were imposed prior to the last overt act of the current offense (see dispositions listed above).

C = 0    Subject was 45 years old at the commencement of the current parole violation behavior.  Subject does have five or more prior commitments.

D = 0    Subject was not out three years before the violations occurred. Date of last release:  11/7/97.

E = 0    Subject is a parole violator.

F = 1    Subject does not have a history of Opiate dependence.

G = 1    Subject is 41 years of age or more at the commencement of the current offense.

3.    **TOTAL SCORE**

## V.  RISK:

Poor.

## VI. EVALUATION:

If revoked, this will be subject's fifth revocation on this sentence. However, this will be the first revocation on his special parole term since it just began 1/28/98.

The Parole Violation Behavior is rated as Category One severity because it involved administrative violations.  The reparole guideline range is 12-16 months.

PAH
May 9, 199

CONLON.342                                    Page 2 of 2

 

# REVOCATION HEARING SUMMARY

**Name** . . . . . . . . : Conlon, Michael

**Reg** . . . . . . . . . . : 34271-080

**Examiner** . . . . . . : Jeffrey S. Kostbar

**Warrant Executed** : 2/19/98

**Preliminary Interview:** 3/4/98

**Institution** . . . . . . : Oklahoma FTC

**2nd Designation** . : Safford FCI

**Revoking District** : (Nevada, Las Vegas)

**Hearing Type** . . . : Institutional

**Supervision** . . . . : Special Parole

**Artuso** . . . . . . . : NO

**Artuso Years Remaining:**

**Months in Custody** : 3

**Custody Type** . . . : Federal

**Projected MR Date** :

**Full Term Date** . . : 1/27/2006

**Hearing Date** . . . : 3/26/98

---

## I. Counsel And Witnesses:

Subject was not represented by counsel.

**Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:**

## II. Procedural Considerations:

## III. Instant Warrant Information:

## IV. Review of Charges:

Charge No. 1 - Failure to Report Change in Residence.

Subject admits this charge. He states that while finishing up his regular supervision period he simply started to drink and absconded from supervision and from his residence. He states he wandered around Nevada and went up to Reno. He states he has no excuse for his behavior and that unless he can get his drinking problems in order he has no hope. He pointed out that both his father and grandfather died of alcoholism. While he admits the behavior he did indicate that all four of his previous violations involved alcohol use but no new criminal activity.

CONLON.342    Typist: PAH    Date Typed: June 4,    **EXHIBIT 7**    Page 1 of 3

 

**Evidentiary Findings.**

Subject's admission to the hearing examiner and USPO letter dated 2/2/98.

**V. Findings of Fact And Basis:**

The Examiner finds that subject has committed the following violation(s):

Charge No. 1 - Failure to Report Change in Residence.

Basis:  Your admission to the examiner panel.

**No Findings And Supporting Rational:**

The Examiner makes no finding concerning the following charge(s): .

**VI. Previous Commission Action:**

**VII. Fines, Restitution, Other court Ordered Payments:**

**VIII. Parole Risk:**

**IX. Community Resources And Issues:**

**X. Salient Factor Score:**

    1  - A. Prior Convictions/Adjudications (Adult or Juvenile)
    0  - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
    0  - C. Age at Current Offense/Prior Commitments
          Yes (5 or more commitments)
    0  - D. Recent Commitment Free Period (Three Years)
    0  - E. Probation/Parole/Confinement/Escape Status Violator
    1  - F. Heroin/Opiate Dependence
    1  - G. Older Offenders
    3  - **Total Salient Factor Score**

**XI. Evaluation:**

The subject did present a slight argument that he should have had his warrant written on just the few days remaining on his regular supervision term.  This examiner pointed out that the Parole

 

Commission chose not to issue any warrant on the regular supervision term but rather to wait until the special parole term began. If he was still in absconder status when the special parole supervision term began the warrant would be written on the special parole term. The subject accepted this explanation.

The subject appeared clean cut and remorseful for his life. As noted above, he points to a long history of alcoholism in his family. He knows he has very little chance of success unless he can somehow manage his life without resorting to the use of alcohol. He claims that he was working for a mortgage company doing refinancing and also going to school. He feels that he may have somehow over programmed himself and over pressured himself which caused him to resort once again to alcohol.

## XII. Recommendation:

Revoke Special Parole. None of the time spent on Special Parole shall be credited. Continue to a Presumptive Parole after the service of 24 months on 2/18/2000. You shall be subject to the Special Alcohol Aftercare Condition. You shall participate in a community-based program for treatment of alcoholism as directed by your U.S. Probation Officer. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

A presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. Prior to release, your case will be subject to review to ascertain that these conditions have been fulfilled.

## XIII. Reasons:

Your Special Parole violation behavior has been rated as Category One severity because it involved administrative violations. Your new salient factor score is 3. As of 3/26/98, you have been in Federal custody for 3 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because You are a poorer risk than indicated by your SFS and that this represents your fifth revocation of supervision on this sentence.

Subsequent statutory interim not required.

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201



**Notice of Action**

---

Name: CONLON, Michael John

Institution: Oklahoma FTC
Safford FCI

Register Number: 34271-080

---

In the case of the above named the following parole action was ordered.

Revoke special parole.   None of the time spent on special parole shall be credited. Continue to a presumptive parole after the service of 24 months on 2/18/2000.   You shall be subject to the Special Alcohol Aftercare Condition. You shall participate in a community-based program for treatment of alcoholism as directed by your U.S. Probation Officer.   You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.   In addition, it is recommended that you complete a substance abuse program within the BOP.

A presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan.   Prior to release, your case will be subject to review to ascertain that these conditions have been fulfilled.

FINDINGS OF FACT:

Charge No. 1 - Failure to Report Change in Residence.

Basis:  Your admission to the examiner panel.

REASONS:

Your special parole violation behavior has been rated as Category One severity because it involved administrative violations. Your new salient factor score is 3.  As of 3/26/98.  You have been in Federal custody for 3 months.  Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release.  After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you are a poorer risk than indicated by your SFS and that this represents your fifth revocation of supervision on this sentence.

SALIENT FACTOR SCORE (SFS-95):   Your salient factor score items have been computed as shown below. For an explanation of the salient factor score items, see the last page of this document.

SFS Total = 3   Item A = 1   B = 0   C = 0   D = 0   E = 0   F = 1   G = 1
Item C is 0 because you have 5 or more prior commitments

### SFS ITEM EXPLANATION

Item A. - Prior convictions/adjudications (adult or juvenile)
None = 3; One = 2; Two or three = 1; Four or more = 0

Item B. - Prior commitments of more than thirty days (adult or juvenile)
None = 2; One or two = 1; Three or more = 0

EXHIBIT
8

---

Date: June 15, 1998                                                    Clerk

 

**Item C. - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)**
26 years or more and less than 5 prior commitments for Item B = 2; 2-25 years and less than 5 prior commitments for Item B = 1; 19 years or less = 0

**Item D. - Recent commitment free period (three years)**
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

**Item E. - Probation/parole/confinement/escape status violator this time**
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**Item F. - History of heroin/opiate dependence**
No history of heroin or opiate dependence = 1; Otherwise = 0

**Item G. - Older offenders**
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-F above is 9 or less) = 1; Otherwise = 0

**Appeals Procedure:**
The above action is appealable to the National Appeals Board under 28 C.F.R. 2.26.

You may obtain appeal forms from your caseworker or U.S. Probation Officer and they must be filed with the Commission within thirty days of the date this Notice was sent. Copies of this Notice are sent to your institution and to your probation officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others, if you so wish.

Date: June 15, 1998                                   Clerk: DLW

**Appeal**

U.S. Department of Justice
United States Parole Commission
Chevy Chase. Md. 20815

Name **Michael J. Conlon**

Register **34271-080**     Institution **F.C.I. Safford**

I received a Notice of Action sent **June 17, 1998**     and hereby appeal that decision:
(Date)

RECEIVED
7/15/98

**NATIONAL OR ORIGINAL
JURISDICTION APPEAL**

I appeal to the *National Appeals Board - (Full Commission on O.J. cases)* to review and reverse or modify the decision.

_(Witness Signature)_     _Michael J Conlon_ (Signature)     **7-10-98**
(Date)

**INSTRUCTIONS:**     All Appeals are decided on the basis of the written record. Appeals may be based on the following grounds. Check one or more of the grounds that are applicable to your case. Explain your basis for appeal on a separate sheet of paper. Use headings so that the Commission can see which of your grounds you are discussing. Address one point at a time.

**MAILING INSTRUCTIONS:**
**NOTE:**   Appeals *(National and Original Jurisdiction)* must be mailed to the appropriate regional office within 30 days from the date on the Notice of Action.

(1) [   ] The guidelines were incorrectly applied in my case as to any or all of the following:

    (A) [ X ] Offense severity rating:                          ;
    (B) [   ] Salient factor score item(s) _____
    (C) [   ] Time in custody.

(2) [ X ] A decision outside the guidelines was not supported by the reasons or the facts as stated in the Notice of Action:

(3) [   ] Especially mitigation circumstances justify a different decision:

(4) [   ] The decision was based on erroneous information and the actual facts justify a different decision;

(5) [X] The commission did not follow correct procedure in deciding my case, and a different decision would have resulted if the error had not occurred;

(6) [   ] There was significant information in existence but not known at the time of the hearing:

(7) [   ] There are compelling reasons why a more lenient decision should be rendered on grounds of compassion.

(Attach explanation on a separate sheet of paper)

**EXHIBIT**
PAROLE FORM 1-22
1985
9

Original - Appropriate Regional Office of the Commission



### APPEAL TO THE UNITED STATES PAROLE COMMISSION

### (Attachment To Original Form)

**(1) The U.S. Parole Commission Was Without
Authority To carry Over A Regular Term
Violation Into The Special Parole Term**

The Jurisdiction of the U.S. Parole Commission as to
supervisory authority of the parolee's regular term of parole
terminated as of January 28, 1998. (See Warrant).

The evidence relied upon for the revocation of the parolee's
supervision is stated in the letter addressed to the parolee of
March of 1998. The evidence relied upon is the Warrant, Warrant
Application and the Warrant Request and Violation Report of
February 2, 1998 from U.S. Probation Officer Kevin Lowery.

The violation report states that the parolee left his
last known address as of January 6, 1998. Pursuant to 28 C.F.R.
Section 2.40(4) and the U.S. Parole Commission Manuel the parolee
is in violation as of January 8, 1998. The additional evidence
relied upon is the Warrant Application which clearly and
unequivocally states that "sometime before January 28, 1998,
the parolee "failed to report a change of address." From January
8, until the arrest the parolee was considered in absconsion.
Pursuant to The U.S. Parole Commission Manuel at 2.40(j) the
term of the parolee was tolled, thus the sentence did not
expire.

It is clear by the evidence relied upon by the Commission

 

that the violation occurred within the regular term of parole and pursuant to 2.44-03(a) which states: "When satisfactory evidence is received indicating that a parolee or mandatory releasee has violated the conditions of his release to the extent that a warrant should be issued and it can be issued timely, a warrant application is prepared."NOTE: A warrant cannot be issued during a special parole term for a violation that occurred during a regular parole term."

For the reasons stated the parolee should be in all respects released.

 

**NOTICE OF ACTION ON APPEAL**

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland    20815-7201

Name:  Conlon, Michael

Register Number: 34271-080                Institution: Safford FCI

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

Your special parole violator term is hereby converted to a regular term of imprisonment for which you are eligible for regular parole under 18 U.S.C. § 4208(a).  Your full term date is unchanged and your previously established presumptive parole date is converted to a presumptive release on regular parole.

**REASONS:**

The National Appeals Board has reviewed the ground you raise in your appeal and affirms the prior Commission decision.

Your behavior, failing to report a change in residence, was clearly a violation of special parole.  Your special parole term commenced on January 28, 1998. You did not report to your probation officer after that date.  As of February 2, 1998, your probation officer did not know where you were.  You remained in absconder status until February 20, 1998, when the warrant was executed.  You admitted this parole violation charge at your preliminary interview and at your revocation hearing.

The conversion of your special parole violator term to a term of regular imprisonment is required by the law of the United States Court of Appeals for the Ninth Circuit.

All decisions by the National Appeals Board on appeal are final.



**EXHIBIT**

**10**

Date: October 15, 1998                National Appeals Board

SCHAYE & WOLFKIEL
9460 N. Camino del Plata
Tucson, Arizona 85742
(520)544-2955

Natman Schaye
State Bar No. 07095
Attorney for Michael J. Conlon

FILED _____ LODGED
RECEIVED _____ COPY

FEB 1 9 1999

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

FILED _____ LODGED
RECEIVED _____ COPY

FEB 1 9 1999

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MICHAEL J. CONLON,

            Petitioner,

vs.

NANCY BAILY, Warden,
F.C.I. Safford, U.S. PAROLE
COMMISSION,

            Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

NO. CIV98-346-TUC-WDB

**Amended Petition for Writ of** *Habeas Corpus*

     The Petitioner, MICHAEL J. CONLON, through counsel undersigned,

hereby submits his amended petition for writ of *habeas corpus.*

I.    <u>Factual Background</u>

     On August 8, 1986, Mr. Conlon was sentenced by the United States

District Court, Western District of Texas, to twelve years in prison with an eight

year special parole term to run consecutive to the term of imprisonment. [1]

---

[1] Mr. Conlon had previously pleaded guilty to possession with intent to distribute cocaine in violation of 18 U.S.C. §841(a)(1).

EXHIBIT
*11*



Mr. Conlon was released on regular parole in May of 1990.  His regular

parole term was to expire on January 28, 1998, at which time his special parole

term was to begin. (Exhibit "A", Warrant Application.)  On February 12, 1998,

the United States Parole Commission issued a warrant for Mr. Conlon's arrest

based on the following allegation in the warrant application:

> **Charge No. 1- Failure to Report Change in
> Residence:** <u>Some time before 1/28/98</u>, subject left his last
> known residence at Las Vegas, Nevada.  Subject has failed to
> advise his USPO of his current address and his whereabouts
> are unknown. This charge is based on information contained
> in the letter dated 2/2/98 from USPO Lowery.

(Emphasis added.)(Exhibit A, attached).

United States Probation Officer Lowery's letter of February 2, 1998,

referred to above, further indicates that Mr. Conlon 1) failed to submit a written

monthly report since December 5, 1997, and therefore was considered an

absconder; 2) failed to submit to drug testing since December 20, 1997; and 3)

may have violated the law by not returning his girlfriend's car after taking it on

January 6, 1998. (Exhibit "B",  P.O. Lowery's letter).   None of these additional

allegations was contained in the warrant application.

Mr. Conlon was arrested on the outstanding warrant on February 19,

1998. (Exhibit "C", Revocation Hearing Summary).  On March 26, 1998, a special

parole revocation hearing was held.  Mr. Conlon admitted that he failed to report

a change in address.  (Exhibit "C", attached).  Mr. Conlon's parole was

subsequently revoked and the Parole Commission converted his special parole

violator term of eight years to a regular term of imprisonment.  Even though the

2



commission's own guidelines indicate a customary range of 12-16 months to be served before release, and the violation was merely administrative, Mr. Conlon was given a sentence of 24 months.[2] (Exhibit "C", attached).

On or about July 9, 1998, Mr. Conlon appealed the revocation of his special parole term to the National Appeals Board. (Exhibit "D", Appeal to the United States Parole Commission). Mr. Conlon argued that the Parole Commission lacked the authority to issue a warrant for violation of his **regular parole** during his **special parole** term. On October 15, 1998, the National Appeals Board affirmed the Commission's decision:

> Your behavior, failing to report a change in residence, was clearly a violation of special parole. Your special parole term commenced on January 28, 1998. You did not report to your probation officer after that date. As of February 2, 1998, your probation officer did not know where you were. You remained in absconder status until February 20, 1998, when the warrant was executed.

(Exhibit "E", Notice of Action on Appeal and National Appeal). Mr. Conlon has exhausted all of his administrative appeals.

On or about July 23, 1998 Mr. Conlon filed a Petition for Writ of Habeas Corpus and a separate supporting Memorandum of Points and Authorities. He now substitutes his first amended petition.

---

[2] The Parole Commission indicated that because this revocation was his fifth, he was a poorer risk than indicated by his salient factor score of three. It should be noted, however, that Mr. Conlon's four previous parole violations were also administrative, rather than criminal violations, and were directly related to the fact that he is an alcoholic. Mr. Conlon's father and grandfather died from alcoholism and Mr. Conlon suffers from the same disease. (Exhibit "C", attached).

Nolan Schoye
9480 NORTH CAMINO DEL PLATA
TUCSON, ARIZONA 85742
(520) 544-2665



## II. Legal Analysis

### A.   Jurisdiction

Michael Conlon is incarcerated at the Federal Correctional Institution in Safford, Arizona. This petition demonstrates that he is being held in violation of his constitutional right to due process.

Federal prisoner's are required to exhaust their administrative remedies prior to bringing a petition for writ of habeas corpus. *Martinez v. Roberts*, 804 F.2d 570 (9th Cir. 1986).   Mr. Conlon has exhausted his administrative remedies. He appealed the Parole Commission's decision to the National Appeals Board, which affirmed his parole revocation.

This petition is therefore properly before this Court. The argument in the original petition for writ of habeas corpus asking that the Court waive the exhaustion requirement is now moot.

### B.   Violation of Due Process

Michael Conlon is being held illegally in violation of his right to due process on two grounds:

1) The parole violation, which occurred prior to the January 28, 1998, commencement of his special parole term, tolled the running of the regular parole term. The regular parole term was tolled from the time he absconded until the time of his arrest on February 19, 1998. Therefore, Mr. Conlon's special parole term never commenced and the Parole Commission never had jurisdiction to revoke his special parole term.

4



2) Alternatively, if Mr. Conlon's regular parole term was not tolled by the parole violation and is deemed to have expired on January 28, 1998, the commission did not have the authority to revoke his special parole term for a regular parole violation.

> 1. The Parole Commission did not have authority to revoke Mr. Conlon's special parole term because his regular parole term was tolled by the violation.

There is no dispute that Mr. Conlon violated the conditions of his regular parole term. The warrant application explicitly alleged that sometime before his regular parole term ended, January 28, 1998, Mr. Conlon failed to report a change in residence. Mr. Conlon admitted this allegation. Furthermore, pursuant to the letter supporting the warrant application, Mr. Conlon's whereabouts were unknown after December 5, 1997 and he was therefore an absconder. (Exhibit "B", attached.) Mr. Conlon remained in absconder status until he was arrested on the warrant on February 19, 1998. Mr. Conlon's absconder status indisputably commenced during his regular parole term.

United States Parole Commission regulation 28 C.F.R. 2.40(j) provides, "Any parolee who absconds from supervision has effectively prevented his sentence from expiring." A parole term is tolled by the parolee's action and not the actual filing of a parole violation charge. *Henrique v. United States Marshal*, 653 F.2d 1317, 1322 (9th Cir. 1981). In *Henrique*, the parole commission violated the defendant, after his parole term had expired, for "failing to report a change in residence". Henrique argued that the formal charge had to be filed by the



Parole Commission before his sentence expired in order to toll his sentence. He

further argued, because the commission failed to do so, its jurisdiction had

expired. The Ninth Circuit rejected this argument, holding that it was the

defendant's act of absconding, and not the filing of the parole violation charge,

that tolled the sentence.

Tolling begins "whenever the suspect flees with the intent of avoiding

prosecution, even if prosecution has not actually begun at the time of the flight."

*United States v. Ballesteros-Cordova*, 586 F.2d 1321, 1323 (9th Cir. 1978). *See*

*also Shiffman v. Wilkinson*, 216 F.3d 589, 591 (9th Cir. 1954)(it is the

misbehavior of the parolee and not the issuance of a warrant that tolls the

expiration of the minimum sentence.)

Additionally, the issuance of a warrant under 28 C.F.R. 2.44 operates to

bar the expiration of a parolee's sentence. Such warrant maintains the

commission's jurisdiction to retake the parolee either before or after the normal

expiration of the sentence and to reach a final decision as to revocation of parole

and forfeiture of time. *Barrier v. Beaver*, 712 F.2d 231 (6th Cir. 1983).

The law is clear that the violation tolls the running of a parole term. Mr.

Conlon's regular parole term should have expired on January 28, 1998, but was

tolled by his previous act of absconding. Quite simply, he was in absconder

·status through February 19 (the date of his arrest), his regular parole term was

tolled during that time, and his special parole term never began. The parole

6



commission never had jurisdiction to issue the warrant to revoke Mr. Conlon's special parole term, and he is therefore illegally imprisoned.

     2. <u>The parole commission lacked authority to revoke Mr. Conlon's special parole term based on a regular parole violation.</u>

Should this Court determine that Michael Conlon's regular parole term was not tolled by his parole violation, the parole commission nevertheless lacked authority to issue a warrant during the special parole term for a violation occurring during regular parole. The warrant application is explicit, alleging on its face that sometime "before 1/28/98", Mr. Conlon failed to report a change in residence. The warrant was issued and executed based solely on a violation occurring during regular parole.

The commission's guidelines specifically prohibit the issuance of a warrant during a special parole term for a regular parole term violation:

> 28 C.F.R. 2.44-03. Warrant Application.
>
> (a) When satisfactory evidence is received indicating that a parolee or mandatory releasee has violated the conditions of his release to the extent that a warrant should be issued and it can be issued timely, a warrant application is prepared. **NOTE: A warrant cannot be issued during a special parole term for a violation that occurred during a regular parole term.**

The commission therefore violated its own rules by delaying the issuance of the warrant until the regular parole term expired and the special term began.[3]

---

[3] The national appeals decision concedes that the commission intentionally delayed issuance of the warrant because Mr. Conlon faced much greater punishment as a result of

Norman Schuе
9480 NORTH CAMINO DEL PLATA
TUCSON, ARIZONA 85742
(520) 544-2955

 

The parole commission's rules and regulations must provide parolees with some measure of due process. When those rules are not followed, significant constitutional rights are implicated. *Morrissey v. Brewer*, 408 U.S. 471 (1972). By intentionally delaying the issuance of the challenged warrant, and then using it to revoke the special parole term that had never commenced, the commission violated its own rules, as well as the United States Code. Mr. Conlon is therefore being held illegally and the writ of habeas corpus must issue.

RESPECTFULLY SUBMITTED this _18_ day of February, 1999.

Natman Schaye
Attorney for Petitioner CONLON

A copy of the foregoing delivered
this _18_ day of February, 1999 to:

United States Attorney's Office
110 S. Church, Suite 8310
Tucson, Arizona 85701

---

violating his newly commenced special parole term than he did by violating his nearly expired regular term. (Exhibit "E", National Appeal). However, 18 U.S.C. §4213(b) prohibits such manipulative delay. The statute provides that "any summons or warrant issued under this section shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary." (Emphasis supplied).

 

SCHAYE & WOLFKIEL
9460 N. Camino del Plata
Tucson, Arizona  85742
(520)544-2955

Natman Schaye
State Bar No. 07095
Attorney for Michael J. Conlon

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| MICHAEL J. CONLON, | ) | |
| | ) | |
| Petitioner, | ) | NO. CIV98-346-TUC-WDB |
| | ) | |
| vs. | ) | |
| | ) | **EXHIBITS TO AMENDED** |
| NANCY BAILY,  Warden, | ) | **PETITION FOR WRIT OF** |
| F.C.I. Safford, U.S.  PAROLE | ) | *HABEAS CORPUS* |
| COMMISSION, | ) | |
| | ) | |
| Respondents. | ) | |

1. Exhibit "A":  Warrant Application

2. Exhibit "B":  P.O. Lowery Letter of 2/2/98

3. Exhibit "C":  Revocation Hearing Summary

4. Exhibit "D":  Appeal to the United States Parole Commission

5. Exhibit "E":  Notice of Action on Appeal and National Appeal

**U.S. DEPARTMENT OF JUSTICE**
UNITED STATES PAROLE COMMISSION

**WARRANT APPLICATION**

| | |
|---|---|
| Case Of ..................... CONLON, Michael John | Date .............................. February 12, 1998 |
| Reg. No ..................... 34271-080 | SPT Termination Date ............... 1/27/2006 |
| FBI No ..................... 111801X5 | Violation Date ...................... 1/31/98 |
| Birth Data ................... 4/29/53 | Released ......................... 1/28/98 (to SPT) |
| Race ....................... White | |
| Sentence Length ............. 12 Yrs w/8 Yrs SPT (Original); 739 days (PV Term) | |
| Original Offense ............. Distribution of Cocaine | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exceptions for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

**CHARGES:**

Charge No. 1 - Failure to Report Change in Residence. Some time before 1/28/98, subject left his last known residence at Las Vegas, Nevada. Subject has failed to advise his USPO of his current address and his whereabouts are unknown. This charge is based on information contained in the letter dated 2/2/98 from USPO Lowry.
I ADMIT [  ] or DENY [  ] this charge.

Preliminary Interview Is Required

Warrant Recommended By:

_____
Helen A. Herman, Case Analyst
U.S. Parole Commission,

Warrant Issued......................................February 12, 1998

Probation Office Requesting Warrant..District of Nevada (1 - Main (Las Vegas))
(  ) Commission    (  ) Inmate    (  ) Institution    (  ) USPO    (  ) Interviewing Officer    (  ) Chron

 *HAH*  $\iota\iota/R$

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
PROBATION OFFICE**



DAVID F. SANDERS
CHIEF PROBATION OFFICER
411 BONNEVILLE AVENUE
SUITE 400
LAS VEGAS, NV
89101-6632

PHONE: (702) 388-6428
FAX:   (702) 388-6731

February 2, 1998

Commissioner
U. S. Parole Commission
5550 Friendship Boulevard, Suite 420
Chevy Chase, Maryland  20815-7286

Attention:  Post Release Analyst

> RE:   CONLON, Michael John
>       Reg. No.:  34271-080
>       Release Date:  11/07/9λ
>       Parole Exp. Date:  01/27/2000
>       Institution: North Las Vegas
>         Detention Center
>       2222 Constitution Way
>       North Las Vegas, NV  89030
>
>       <u>VIOLATION REPORT-WARRANT
>       REQUEST</u>

Dear Commissioner:

Be advised that the above-named individual has allegedly violated
the conditions of his parole as follows:

1.  <u>CONDITION NO. 4</u> - Shall notify your probation officer within
    2 days of any change in your place of residence.

    According to the offender's live-in girlfriend, Melodee
    Chastaine the offender vacated his reported residence on
    January 6, 1998.  She has not seen the offender since that
    time.  His current whereabouts are unknown.

2.  <u>CONDITION NO. 5</u> - You shall make a complete and truthful
    written report to your probation officer between the first and
    third day of each month.

    The offender has failed to submit a written monthly report
    since December 5, 1997 and his current whereabouts are
    unknown, therefore, <u>he is considered an absconder by the U. S.
    Probation Office.</u>

ATTACHMENT "C"



Commissioner
Page 2
February 2, 1998

RE:  CONLON, Michael John

3.   CONDITION NO. 6 - You shall not violate any law.

On January 29, 1998, the supervising probation officer spoke
with the offender's girlfriend, Melodee Chastaine.   She
reported that the offender had taken her yellow 1987 Corvette,
Nevada license number 990 HXG on or about January 6, 1998,
without returning it.  She informed the probation officer that
she was reporting the car as stolen as of this date.

4.   CONDITION NO. 14 - You shall submit to drug testing whenever
ordered by your probation officer.

On November 20, 1997, the offender was enrolled in a random
urinalysis at the U. S. Probation Office.  He was scheduled to
test at the rate of four times per month.  The offender has
failed    to    show    up · for    random    urinalysis    since
December 20, 1997.

Due to the offender's history of substance abuse, he is a threat to
himself and the community.  This opinion is based on the offender's
prior criminal history and numerous prior failures on parole.  It
is respectfully recommended that a warrant be issued as soon as
possible.

                         Sincerely,

                         KEVIN D. LOWRY, Senior
                         U. S. Probation Officer

KDL:mm

APPROVED:

ELIZABETH A. CUMMINGS, Supervising
U. S. Probation Officer

 

## REVOCATION HEARING SUMMARY

| | |
|---|---|
| Name . . . . . . . . : Conlon, Michael | Supervision . . . . : Special Parole |
| Reg . . . . . . . . . . : 34271-080 | Artuso . . . . . . . : NO |
| Examiner . . . . . . : Jeffrey S. Kostbar | Artuso Years Remaining: |
| Warrant Executed : 2/19/98 | Months in Custody : 3 |
| Preliminary Interview: 3/4/98 | Custody Type . . . : Federal |
| Institution . . . . . . : Oklahoma FTC | Projected MR Date : |
| 2nd Designation . : Safford FCI | Full Term Date . . : 1/27/2006 |
| Revoking District : (Nevada, Las Vegas) | Hearing Date . . . : 3/26/98 |
| Hearing Type . . . : Institutional | |

---

### I. Counsel And Witnesses:

Subject was not represented by counsel.

**Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:**

### II. Procedural Considerations:

### III. Instant Warrant Information:

### IV. Review of Charges:

Charge No. 1 - Failure to Report Change in Residence.

Subject admits this charge. He states that while finishing up his regular supervision period he simply started to drink and absconded from supervision and from his residence. He states he wandered around Nevada and went up to Reno. He states he has no excuse for his behavior and that unless he can get his drinking problems in order he has no hope. He pointed out that both his father and grandfather died of alcoholism. While he admits the behavior he did indicate that all four of his previous violations involved alcohol use but no new criminal activity.

CONLON.342   Typist: PAH   Date Typed: June 4, 1998                    Page 1 of 3

 

**Evidentiary Findings.**

Subject's admission to the hearing examiner and USPO letter dated 2/2/98.

**V. Findings of Fact And Basis:**

The Examiner finds that subject has committed the following violation(s):

Charge No. 1 - Failure to Report Change in Residence.

Basis: Your admission to the examiner panel.

**No Findings And Supporting Rational:**

The Examiner makes no finding concerning the following charge(s): .

**VI. Previous Commission Action:**

**VII. Fines, Restitution, Other court Ordered Payments:**

**VIII. Parole Risk:**

**IX. Community Resources And Issues:**

**X. Salient Factor Score:**

   1   - A. Prior Convictions/Adjudications (Adult or Juvenile)
   0   - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
   0   - C. Age at Current Offense/Prior Commitments
           Yes (5 or more commitments)
   0   - D. Recent Commitment Free Period (Three Years)
   0   - E. Probation/Parole/Confinement/Escape Status Violator
   1   - F. Heroin/Opiate Dependence
   1   - G. Older Offenders
   3   - **Total Salient Factor Score**

**XI. Evaluation:**

The subject did present a slight argument that he should have had his warrant written on just the few days remaining on his regular supervision term. This examiner pointed out that the Parole

 

Commission chose not to issue any warrant on the regular supervision term but rather to wait until the special parole term began. If he was still in absconder status when the special parole supervision term began the warrant would be written on the special parole term. The subject accepted this explanation.

The subject appeared clean cut and remorseful for his life. As noted above, he points to a long history of alcoholism in his family. He knows he has very little chance of success unless he can somehow manage his life without resorting to the use of alcohol. He claims that he was working for a mortgage company doing refinancing and also going to school. He feels that he may have somehow over programmed himself and over pressured himself which caused him to resort once again to alcohol.

## XII. Recommendation:

Revoke Special Parole. None of the time spent on Special Parole shall be credited. Continue to a Presumptive Parole after the service of 24 months on 2/18/2000. You shall be subject to the Special Alcohol Aftercare Condition. You shall participate in a community-based program for treatment of alcoholism as directed by your U.S. Probation Officer. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

A presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. Prior to release, your case will be subject to review to ascertain that these conditions have been fulfilled.

## XIII. Reasons:

Your Special Parole violation behavior has been rated as Category One severity because it involved administrative violations. Your new salient factor score is 3. As of 3/26/98, you have been in Federal custody for 3 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because You are a poorer risk than indicated by your SFS and that this represents your fifth revocation of supervision on this sentence.

Subsequent statutory interim not required.



APPEAL TO THE UNITED STATES PAROLE COMMISSION

(Attachment To Original Form)

(1) The U.S. Parole Commission Was Without
Authority To carry Over A Regular Term
Violation Into The Special Parole Term

The Jurisdiction of the U.S. Parole Commission as to
supervisory authority of the parolee's regular term of parole
terminated as of January 28, 1998. (See Warrant).

The evidence relied upon for the revocation of the parolee's
supervision is stated in the letter addressed to the parolee of
March of 1998. The evidence relied upon is the Warrant, Warrant
Application and the Warrant Request and Violation Report of
February 2, 1998 from U.S. Probation Officer Kevin Lowery.

The violation report states that the parolee left his
last known address as of January 6, 1998. Pursuant to 28 C.F.R.
Section 2.40(4) and the U.S. Parole Commission Manuel the parolee
is in violation as of January 8, 1998. The additional evidence
relied upon is the Warrant Application which clearly and
unequivocally states that "sometime before January 28, 1998,
the parolee "failed to report a change of address." From January
8, until the arrest the parolee was considered in absconsion.
Pursuant to The U.S. Parole Commission Manuel at 2.40(j) the
term of the parolee was tolled, thus the sentence did not
expire.

It is clear by the evidence relied upon by the Commission

 

that the violation occurred within the regular term of parole and pursuant to 2.44-03(a) which states: "When satisfactory evidence is received indicating that a parolee or mandatory releasee has violated the conditions of his release to the extent that a warrant should be issued and it can be issued timely, a warrant application is prepared."NOTE: A warrant cannot be issued during a special parole term for a violation that occurred during a regular parole term."

For the reasons stated the parolee should be in all respects released.

Michael J. Conlon
34271-080

July 9, 1996

P.O. Box 9000
Safford, Az 85546




BOPCODE-SAF>

## NATIONAL APPEAL

ME: Conlon, Michael

DATE: October 13, 1998

REG. NO.  34271-080   INST:  Safford FCI

REVIEWER: RKP   MOS AT REL: 24

*RKP*

### COMMENDED ACTION:

ffirmation of the previous decision.

our special parole violator term is hereby converted to a regular term of
nprisonment for which you are eligible for regular parole under 18 U.S.C. §
208(a).  Your full term date is unchanged and your previously established
resumptive parole date is converted to a presumptive release on regular parole.

### COMMENDED REASONS:

he National Appeals Board has reviewed the ground you raise in your appeal and
ffirms the prior Commission decision.

our behavior, failing to report a change in residence, was clearly a violation
f special parole.  Your special parole term commenced on January 28, 1998.  You
id not report to your probation officer after that date.  As of February 2,
998, your probation officer did not know where you were.  You remained in
bsconder status until February 20, 1998, when the warrant was executed.  You
dmitted this parole violation charge at your preliminary interview and at your
evocation hearing.

he conversion of your special parole violator term to a term of regular
mprisonment is required by the law of the United States Court of Appeals for
he Ninth Circuit.

### OTES:

ubject objects that the Commission did not issue a parole violator warrant
hile he was on regular parole.  He started violating the conditions of his
egular parole shortly before his regular parole ended.  Obviously, subject
ould like the Commission to have issued a regular parole violator warrant
ecause he would have almost no exposure to a sanction for violating the
onditions of his regular parole.  The Commission could clearly wait until the
pecial parole term commenced and if subject still did not report, then issue
warrant and consider only the violations that occurred once the special parole
erm began.  I recommend that the prior decision be affirmed.

:kp

FROM : FCI-SAFFORD                520 348 1350        199    2-01    14:11    #628 P.03/21
                                                                    520 348 1350;# 2/ 4

FILED          LODGED
RECEIVED ____  COPY

NOV 3 0 1999

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____        DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MICHAEL J. CONLON,                )    No. Civ 98-346-TUC-WDB
                                  )
          Petitioner,             )    **ORDER**
                                  )
vs.                               )
                                  )
NANCY BAILEY, et al.,             )
                                  )
          Respondents.            )
_____)

On July 27, 1998, Petitioner Michael J. Conlon, presently confined in the Federal Correctional Institution in Safford, Arizona (FCI- Safford), filed with the Clerk of the Court a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner filed an Amended Petition for Writ of Habeas Corpus on February 19, 1999.

On August 8, 1986, Petitioner was sentenced by the United States District Court, Western District of Texas, to twelve years in with prison with an eight year special parole term to run consecutive to the term of imprisonment. Petitioner was released on regular parole in May of 1990. His regular parole term was to expire on January 28, 1998, at which time his special parole was to begin. On February 12, 1998, the United States Parole Commission issued a warrant for Mr. Conlon's arrest based on the following allegations in the warrant application:

**Failure to Report Change in Residence**
Some time before 1/28/98, subject left his last known residence at Las Vegas, Nevada. Subject has failed to advise his USPO of his current address and his whereabouts are unknown. This charge is based on information contained in the letter dated 2/2/98 from USPO Lowry.

**EXHIBIT**
12

FROM :FCI-SAFFORD
520 348 1350
14:11   #628 P.04/21

1    Petitioner was arrested on the outstanding warrant on February 19, 1998. On March 26,

2    1998, a special parole revocation hearing was held and Petitioner admitted that he failed to

3    report a change in residence. Petitioner's parole was revoked and the Parole Commission

4    converted his special parole violator of eight years to a regular term of imprisonment and he was

5    given a sentence of 24 months. In July 1998, Petitioner appealed the revocation of his special

6    parole term to the National Appeals Board. Petitioner argued that the Parole Commission

7    lacked the authority to issue a warrant for violations of his regular parole during his special

8    parole term. On October 15, 1998, the National Appeals Board affirmed the Commissioner's

9    decision stating that Petitioner's failure to report to his probation officer after January 28, 1998,

10    was a violation of his special parole. Petitioner has exhausted his administrative remedies.

11    Petitioner alleges in his Amended Petition that he is being held illegally in

12    violation of his right to due process on the following two grounds:

13    1.    The parole violation, which occurred prior to the January 28, 1998
14        commencement of his special parole term, tolled the running of the regular
        parole term. The regular parole term was tolled from the time he
15        absconded until the time of his arrest on February 19, 1998. Therefore,
        Mr. Conlon's special parole term never commenced and the Parole
16        Commission never had jurisdiction to revoke his special parole term."
        (Petition at 4).

17    2.    Alternatively, if Mr. Conlon's regular parole term was not tolled by the
        parole violation and is deemed to have expired on January 28, 1998, the
18        Commission did not have the authority to revoke his special parole term
        for a regular parole violation. (Petition at 5)

19    The United States Parole Commission Regulation 28 C.F.R. 2.40(j) provides. "Any

20    parolee who absconds from supervision has effectively prevented his sentence from expiring."

21    The violation of parole tolls the running of the parole term being served. *See Henrique v.*

22    *United States Marshal,* 653 F.2d 1317 (9th Cir. 1981) (The Ninth Circuit found that it was the

23    defendant's act of absconding, and not the filing of the parole violation charge that tolled the

24    sentence.); *Klinker v. Squire,* 144 F.2d 490 (9th Cir. 1944)(In which the Court stated that "it is

25    not the issuance of a warrant charging parole violation that tolls the expiration of a minimum

26    sentence, but the misbehavior to the parolee.")

27

28

1     The Court finds that the violation tolls the running of a parole term. Thus, Petitioner's

2 regular parole, that should have expired on January 28, 1998, was tolled by his previous act of

3 absconding. Therefore, his special parole term never began and the Parole Commission never

4 had jurisdiction to issue the warrant to revoke Petitioner's special parole. Petitioner has been

5 incarcerated since his arrest on February 19, 1998. Thus, the Court finds that Petitioner should

6 be released and

7     Accordingly,

8     IT IS ORDERED that the Amended Petition for Writ of *Habeas Corpus* is GRANTED.

9     IT IS FURTHER ORDERED that the Bureau of Prisons release Petitioner from custody

10 on or before December 15, 1999.

11     IT IS FURTHER ORDERED that all pending motions are denied as moot.

12         DATED this 29th day of November, 1999.

13

14

15

16

17            William D. Browning
         Senior United States District Judge

18

19

20

21

22    DATE: 12-01-99 TIME: 1035

23    PHONE: (520) 620-7200 CONTACT: Becky

24    in clerks office

25    unsigned order

26    SIGNATURE: Paula Bingla

27

28

**U.S. Department of Justice**
**United States Parole Commission**

### CERTIFICATE OF SPECIAL PAROLE
### [CORRECTED]
### COURT-ORDERED RELEASE

RECEIVED
JAN 3 _ 2000
P.M.

Know all Men by these Presents:

It having been made to appear to the United States Parole Commission that CONLON, Michael John, Register No. 34271-080, a prisoner incarcerated in the Safford FCI has been ordered released by the U.S. District Court for the District of Arizona (No. Civ. 98-346-TUC-WDB, order dated November 30, 1999) and has an Eight (8) Year Special Parole Term to serve, said prisoner should be released pursuant to the court order no later than December 15, 1999 to Special Parole supervision. The Special Parole Term shall commence January 28, 1998, *Nunc Pro Tunc*, and that said prisoner is to remain within the limits of Western District of Texas until February 27, 2006.

Given under the hands and the seal of the United States Parole Commission this December 15, 1999.

UNITED STATES PAROLE COMMISSION

*Juanita E. Holmes*

By: Juanita E. Holmes, Parole Info. Specialist

Initial Risk Category: SFS - 3 (Poor)
Chief U.S. Probation Officer: Ruby J. Lehrmann, Western District of Texas

I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof, I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

CONLON, Michael John          34271-080
Name                    Reg. No.

*Inmate refused to sign.*

Witnessed: Cyndi C. Mayo, Inmate Systems Manager    12/15/99
Name and Title             Date

The above-named person was released on the 15 day of December, 19 99 with a total of 8 Years ~~days remaining~~ to be served. (Conlon was physically released 12-15-99, Special Parole effective Nunc Pro Tunc 01-28-98)

Nancy Bailey, Warden / *Wrigley, Acting*
Official Certifying Release

CONLON.

BOP-SAF

EXHIBIT
13

This CERTIFICATE will be the effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1.  You shall go directly to the district shown on the CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and the United States Probation Officer whose name appears on the Certificate. If in any emergency you are unable to get in touch with your parole advisor, or your Probation Officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.

2.  If you are released to the custody of other authorities, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Office.

3.  You shall not leave the limits fixed by the CERTIFICATE OF RELEASE without written permission from your Probation Officer.

4.  You shall notify your Probation Officer within 2 days of any change in your place of residence.

5.  You shall make a complete and truthful written report (on a form provided for that purpose) to your Probation Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Probation Officer at other times as your Probation Officer directs, providing complete and truthful information.

6.  You shall not violate any law, nor shall you associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Probation Officer or the United States Probation Office if you are arrested or questioned by a law-enforcement officer.

7.  You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency.

8.  You shall work regularly unless excused by your Probation Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Probation Officer any changes in employment.

9.  You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use or administer marijuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10.  You shall not associate with persons who have a criminal record unless you have permission by your Probation Officer.

11.  You shall not possess a firearm, ammunition or other dangerous weapons.

12.  You shall permit confiscation by your Probation Officer of any materials which your Probation Officer believes may constitute contraband in your possession and which your Probation Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

CONLON.342

BOP-SAF

13. You shall make a diligent effort to satisfy any fine, restitution order court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Probation Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Probation Officer in establishing an installment payment schedule.

14. You shall submit to a drug test whenever ordered by your Probation Officer.

15. If you have been convicted of any sexual offense under District of Columbia or federal law (including Uniform Code of Military Justice offenses), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state or local convictions for sexual offenses, and in compliance with 42 U.S.C. §14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. §4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the U.S. Parole Commission and the Probation Office. I further consent to the disclosure by such facility to the U.S. Parole Commission and the Probation Office of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision, or the occurrence of one of the items specified in 42 C.F.R. §2.35(b), whichever is earlier.

You shall also abide by the special condition(s) as indicated below:

- You shall be subject to the Special Alcohol Aftercare Condition. You shall participate in a community-based program for treatment of alcoholism as directed by your U.S. Probation Officer. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

Information concerning a releasee under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

CONLON.342

BOP-SAF

01/10/00  12:06  FAX                                                                      @01



# FEDERAL BUREAU OF PRISONS

## FEDERAL CORRECTIONAL INSTITUTION
### SAFFORD , ARIZONA
1529 West Highway 366
Box 820
Safford. Arizona 85548

### Facsimile Transmission Cover Sheet

Date Sent: __1/10/00__

#### Please bring to the immediate attention of:

Name: __Mary Jo Williams__
Firm: __U S Parole Comm__
Address: _____

Fax #: __301 492-6520__

Reference: _____

Saguaro          Unit Team

Total pages including this cover sheet: __2__

Sent by: __J. P. Smith   Case Manager__
Phone #: __(520)428-6600 Ext#__        Fax #: __(520)348-3605__

Notes: _____



EXHIBIT
14

                    ☒02

# U.S. Department of Justice
# Federal Bureau of Prisons
## **FCI Safford**
## **Safford, Arizona**

I, Jeff Smith, make this statement freely without any promises or assurances:

1. I have not taken any medication nor have I consumed any alcoholic beverages no illicit drugs prior to submitting this is statement.

2. On or about December 13, 1999, Inmate Conlon was summoned to my office to sign the Certificate of Special Parole.

3. Inmate Conlon was asked to sign the Parole Certificates and he refused, by the advice of his Attorney. At that time he did request to look at the certificates. I proceeded to read the stipulations of the special parole conditions in which I specifically read, "prisoner is to remain within the limits of Western District of Texas until February 27, 2006". I also informed Inmate Conlon that he was to report to the Probation Office within 72 hours after his release. Inmate Conlon replied he was going to return to Nevada to see his Attorney and if his Attorney would advise him to report to either the Nevada or Texas Probation Office, he would do so.

4. One December 14, 1999, Inmate Systems Manager, Cyndi Mayo contacted Juanita Holmes, the Parole Information Specialist to request modifications of the Parole Certificates.

_____    1/10/00
Jeff Smith, Case Manager, FCI Safford, Safford, AZ          Date



**United States District Court**
**District of Nevada**
**Probation Office**

**David F. Sanders**
Chief United States Probation Officer
411 Bonneville
Suite 400
Las Vegas, Nevada
89101-6632

**Tel:** (702) 388-6428
**Fax:** (702) 388-6731

RECEIVED
JAN 3 2000
P.M.

December 28, 1999

Mr. Edward F. Reilly, Jr., Chairman
United States Parole Commission
5550 Friendship Blvd., Ste. 420
Chevy Chase, MD 20815-7286

Re:     **CONLON, Michael John**
        **Reg. No. 34271-080**
        **Special Parole Term: 1/28/98 to 2/27/2006**
        *VIOLATION REPORT - WARRANT*
        *REQUESTED*

Dear Commissioner Reilly:

Please be advised that the above-named released from the FCI, Safford, Arizona on December 15, 1999, with a Special Parole Term in effect through February 27, 2006. He has failed to report to the probation officer within 3 days of his release, as required by condition number 1 of his Special Parole Certificate. Mr. Conlon's release resulted from a court order issued by the U.S. District Court in the District of Arizona. Apparently there was question as to the validity of the Parole Violator Warrant issued by the Commission, resulting in revocation. Presently, there appears to be little issue about Mr. Conlon's status as a special parolee, however, there has been confusion where Mr. Conlon is supposed to be. The Special Parole Certificate issued December 15, 1999, shows Mr. Conlon to release to the Western District of Texas until expiration on February 27, 2006. This apparently resulted from disapproval of submitted release plans by Mr. Conlon to the District of Nevada. However, contact with Jeff Smith, Case Manager at FCI Safford on December 15, 1999, indicated Mr. Conlon was coming to Las Vegas, despite the Special Parole Certificate reflecting otherwise. Mr. Conlon has not contacted the U.S. Probation Office in the District of Nevada, nor has he contacted the U.S. Probation Office in the Western District of Texas, pursuant to a telephone conversation with the Western District of Texas, today. Attempts to locate Mr. Conlon at the residence he proposed in his recent release plan to Las Vegas, have proven negative.

Whether this warrant request should have originated in the Western District of Texas or the District of Nevada is a matter that the Parole Commission may address, however, Mr. Conlon has apparently absconded from supervision by his failing to report to a U.S. Probation Officer within the first three days following his release from custody.

If additional information is needed, please advise.

Sincerely,

PAT FOY
Sr. U.S. Probation Officer

PF:dd

cc: CUSPO WD/TX - San Antonio

APPROVED:

THOMAS M. COLLINS, Supervising
U.S. Probation Officer

EXHIBIT
15

# U.S. DEPARTMENT OF JUSTICE
## UNITED STATES PAROLE COMMISSION

# WARRANT APPLICATION

| | | | |
|---|---|---|---|
| Case O: ....................... Conlon, Michael John | Date ................................ January 12, 2000 |
| Reg. No ....................... 34271-080 | SPT Termination Date ................. February 17, 2006 |
| FBI No ....................... 111 801 X5 | Violation Date ...................... December 19, 1999 |
| Birth Date .................... April 29, 1953 | Released ............................ December 15, 1999 |
| Race ....................... White | |
| Sentence Length ............... 12 years with 8 years SPT (Original); 8 years SPT | |
| Original Offense .............. Distribution of Cocaine | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole.

If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time.

In addition, if you are (1) a special parole term violator, or (2) an adult D.C. Code violator, you will not receive credit toward service of your sentence for the time you spent on parole.

**CHARGES:**

Charge No. 1 - Failure to Report for Supervision. On 12/15/99, subject was released from FCI Safford. He has failed to report to the U.S. Probation Office for supervision within three days as instructed and *his whereabouts are unknown.* Subject neither reported to the *Western District of Texas* as directed on his Special Parole Certificate nor to the *District of Nevada* his last district of supervision. This charge is based on information contained in the letter dated 12/28/99 from USPO Pat Foy and the statement dated 1/10/99 from Case Manager Jeff Smith.
[ ] ADMIT [ ] or DENY [ ] the above charge(s).

Preliminary Interview Is Required

Warrant Recommended By:

Warrant Issued....................................January 12, 2000

Mary Jo Williams, Case Analyst
U.S. Parole Commission,

Probation Office Requesting Warrant..District of Nevada (1 - Main (Las Vegas))~
( ) Commission        ( ) Inmate        ( ) Institution        ( ) USPO        ( ) Interviewing Officer        ( ) Chron

EXHIBIT
16



# WARRANT

## U.S. Department of Justice
### United States Parole Commission

To Any Federal Officer Authorized To Serve Criminal Process Within The United States:

WHEREAS, Conlon, Michael John, Reg. No. 34271-080 was sentenced by the United States District Court to serve a sentence of 12 years with 8 years SPT (Original); 8 years SPT for the crime of Distribution of Cocaine and was released *nunc pro tunc* February 18, 1998 in accordance with Public Law 91-513 (Special Parole Term) from Safford FCI with 8 years SPT remaining to be served; (actual release from custody date was December 15, 1999)

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on January 12, 2000.

_____
U.S. Parole Commissioner





# Memorandum

---

**WARRANT APPLICATION & WARRANT**
Re: Conlon, Michael John
Reg. No. 34271-080

**Date Warrant Issued:**

January 12, 2000

---

**To:**

U.S. Marshal
District of Nevada
448 U.S. Courthouse
300 Las Vegas Boulevard, South
Las Vegas, NV  89101

**From:**
Mary Jo Williams
Mary Jo Williams
Case Analyst
U.S. Parole Commission

Enclosed are copies of the Warrant Application and Warrant (in duplicate) issued by the United States Parole Commission for the above-named parolee.  Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

Please assume custody as soon as possible or when located.

If the parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission for further instructions. *Do not execute the warrant if the parolee is released on bond.*  Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed.

After execution of the warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy to the U.S. Probation Officer as soon as practical after taking custody; and (3) advise the Parole Commission that subject is in custody (noting the place of confinement and the date Warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.  Make your return on the other Warrant to the Parole Commission.

**PROBATION OFFICER:** Please keep the Commission advised of all further developments in this case.

If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

cc:  Pat Foy
     Senior U.S. Probation Officer
     District of Nevada
     411 Bonneville
     Suite 400
     Las Vegas, NV  89101-6632

APR 17 '00 10:03 FR U S  MSHALS SERVICE 702 388 6937 TO 91  4925525     P.01/06

MJW
RAS



**U.S. Department of Justice**

United States Marshals Service

*District of Nevada*

---

*Las Vegas, NV 89101*

UNITED STATES MARSHAL SERVICE
P.O.BOX 16039
LAS VEGAS, NEVADA 89134
702-388-6704   FAX: 388-6937
APRIL 14, 2000

PAROLE COMMISSION
5550 FRIENDSHIP BLVD
SUITE 420
CHEVY CHASE, MD   20815
301-492-5821 EXT:105  FAX:301-492-5525

ATTENTION: MARY JO WILLIAMS :

SUBJECT: COLON, MICHAEL JOHN  - FID#38853- USMS #34271-080 - PAROLE
VIOLATION: ARREST - MINNEAPOLIS, MINNESOTA.

FYI...

SUBJ: CONLON, MICHAEL JOHN WAS ARRESTED ON LOCAL CHARGES AND
PICKED UP BY USMS IN MINNEAPOLIS, MINNESOTA (612-664-5912 - FAX:664-5911)
ON APRIL 17,2000 (MONDAY)

THANK YOU,

SANDI ALLEN
INVESTIGATIVE RESEARCH SPECIALIST
702-388-6704 / 6443 (WARRANTS)
702-388-6937 (FAX)
702-388-6986 (CRIMINAL CLERK DESK)

EXHIBIT
17

 

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### PROBATION OFFICE

GAROLD T. RAY
Chief Probation Officer
406 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415-1320
612/664-5400
FAX 612/664-5350

Reply to: Minneapolis

May 11, 2000

RECEIVED
MAY 15 2000

600 U.S. Courthouse
316 North Robert Street
St. Paul, MN 55101-1465
651/848-1250
FAX 651/848-1255

206 U.S. Courthouse
515 West First Street
Duluth, MN 55802-1302
218/529-3550
FAX 218/529-3546

Ms. Sylvia B. Hall
Case Analyst
U.S. Parole Commission
5550 Friendship Boulevard, #420
Chevy Chase, MD 20815

RE:   **Conlon, Michael John**
       Register No. 34271-080
       **PRELIMINARY INTERVIEW**

Dear Ms. Hall:

On May 3, 2000, I conducted a preliminary interview with Mr. Conlon at the Anoka County Jail in Anoka, Minnesota. He was represented by Dan Scott of the Federal Public Defender's Office, Minneapolis, Minnesota. Mr. Conlon requested a postponement of his preliminary interview. Mr. Conlon and his attorney requested that the Records Officer at the Federal Correctional Institution in Safford, Arizona, be an adverse witness and/or they be given copies of all discharge records and certificates surrounding Mr. Conlon's December 15, 1999, release from that facility. Mr. Conlon and his attorney also requested a local revocation hearing be held in either Las Vegas, Nevada, or in the Western District of Texas. They pointed out that Mr. Conlon is scheduled to appear in Tucson, Arizona, on June 12, 2000, for a hearing on habeas relating to the current Parole Commission charges. A copy of Parole Form F-2, Preliminary Interview and Revocation Hearing Form, is attached.

New Arrest Information

On April 13, 2000, Mr. Conlon was arrested by the Woodbury, Minnesota, Police Department and charged with Gross Misdemeanor Financial Transaction Card Fraud/Forgery and False Information to Police. A copy of the police report is enclosed. A copy will be also sent to the U.S. Probation Office in Las Vegas for consideration of additional charges. The Woodbury City Attorney's Office voiced its intention to pursue prosecution of these charges, but no formal charges have yet been filed. The Woodbury Police Department discovered that the Parole Commission had an active warrant on Mr. Conlon, and the U.S. Marshal's Office in Minneapolis took custody of Mr. Conlon on April 17, 2000.

EXHIBIT
18

 

Ms. Sylvia B. Hall
May 11, 2000
Page 2

RE: **Conlon, Michael John**
Register No. 34271-080
**PRELIMINARY INTERVIEW**

Please call me at 612-664-5364 to discuss the next step in the process.

Sincerely,

Garold T. Ray
Chief U.S. Probation Officer

Robert D. Holliday
U.S. Probation Officer

Approved:

Karen S. Gilman
Supervising U.S. Probation Officer

RDH:en

Enclosures

C: USPO Henry Stegman, Las Vegas, NV
Dan Scott, Public Defender, Minneapolis, MN



**U.S. Department of Justice**
United States Parole Commission
Chevy Chase, MD 20815

**Preliminary Interview and Revocation Hearing Form**

## PART ONE

This part is to be completed at the initial visit of the interviewing officer following the arrest of an alleged parole or mandatory release violator on a Warrant or appearing by Summons issued by the United States Parole Commission. The explanation of the Commission's procedure and the alleged violator's legal rights which appears below must be read and acknowledged by the alleged violator, and a copy provided to him.

The rules of the United States Parole Commission provide that, as an alleged parole or mandatory release violator who has not been convicted of a criminal offense committed while under supervision shall be given a preliminary interview by an official designated by the Commission. At the interview, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and to so indicate in the spaces provided for your initials on the warrant application. You may explain, justify or clarify your admission or denial to the probation officer and this will be reported by him as part of his report of the preliminary interview. Following the interview, you will be held in local custody pending a determination by the Commission as to whether there is probable cause to believe that you have violated a condition of your release, and if so, whether to order a revocation hearing to make a final determination of the charges against you. The rules of the Commission further provide that you may be represented at your preliminary interview by an attorney and that you may present voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of those persons who have given evidence that you violated your conditions of release.

OPPORTUNITY TO REQUEST POSTPONEMENT OF PRELIMINARY INTERVIEW. The preliminary interview will be held at this time unless you request postponement of the interview in order to permit you to obtain an attorney and/or witnesses. Such postponement will not exceed thirty days. If you desire the presence of voluntary witnesses at the preliminary interview or local revocation hearing, the responsibility of their presence at the appropriate time and place rests with you or your attorney.

COURT-APPOINTED ATTORNEY. If you cannot pay for the services of an attorney and desire legal assistance, you may complete Form C.J.A.-22 to request the local United States District Court to appoint an attorney to represent you at your preliminary interview. Your interviewing officer will furnish you with this form, and will present it to the Court for you. If you waive representation by an attorney at your preliminary interview, you may, at the conclusion of the interview or no later than 15 days prior to revocation hearing complete Form C.J.A.-22 to request appointment of an attorney to represent you in the event the Commission orders a revocation hearing.

OPPORTUNITY TO REQUEST ADVERSE WITNESSES. If you intend to contest the administrative charges against you and have not been convicted of a new criminal offense during your release, you may also request the presence at a postponed preliminary interview of any adverse witness who has given information upon which revocation may be based. If you do so by completing this form, such witness will be made available at the interview for questioning unless good cause is found to deny your request. Your supervising U.S. Probation Officer will normally be present if you are being held in your district of supervision.

Pending a postponed preliminary interview you may request that any witness be interviewed and that the testimony of such witness be reported to the Commission. When appropriate, the Commission may order that a postponed preliminary interview be conducted as a local revocation hearing.

**THIS FORM CONSTITUTES THE NOTICE OF YOUR**
**PRELIMINARY INTERVIEW REQUIRED BY LAW**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I have read (or had read to me) the above explanation of the Commission's preliminary interview procedure, and I fully understand my legal rights under that procedure. *(Initial one of the choices below:)*

(A) _____ I WISH TO PROCEED WITH MY PRELIMINARY INTERVIEW AT THIS TIME.

(B) _____ I REQUEST A POSTPONEMENT (NOT TO EXCEED THIRTY DAYS) OF MY PRELIMINARY INTERVIEW IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

I request the following adverse witnesses:

_Records office FCI Safford ½ all discharge records_
_and certificates surrounding 12-15-99 release from_
_FCI Safford._

_____
(Signature of Parolee/Mandatory Releasee)

_____
(Signature of Interviewing Officer)

_34771-080_
(Register Number)

_C.S-03-00_
(Date)

PAROLE FORM F-2
JUNE 87

 

U.S. DEPARTMENT   OF JUSTICE                         <u>SUPPLEMENT</u>
UNITED STATES PAROLE COMMISSION

Case Of:        Conlon, Michael
Reg. No:        34271-080
FBI No:         111801X5
Birth Date:     4/29/53
Race:           W
Date:           June  2, 2000

SUPPLEMENT   TO WARRANT   APPLICATION   DATED  January  12, 2000

## CHARGES:

Charge No. 2 - Law Violation:  A) Fraud;  B) False Information  to Police.   On or about 4/13/2000, subject was arrested by the Woodbury, Minnesota, Police Department  for Fraud/Forgery and False Information  to Police, which occurred  on or about the same date.  Information  contained in the police report dated 4/13/00 indicates  that the subject was arrested  after he gave a false name to police and police found, once they ascertained  his correct name, that he had the outstanding  parole violator warrant  against him.  After his arrest, police found that he possessed credit cards that were not issued in his name and had used one of the credit cards that evening. This charge  is based on information  contained in the Woodbury, Minnesota  Police Department report dated 4/13/00.
[ ADMIT  |  ] or DENY  [ ] this charge.

Preliminary   Interview  is Required

Warrant  Issued:     January  12, 2000
District  Sent To:  District  of Minnesota

                                          Warrant Recommended  By:

                                          *Helen Herman*

                                    Helen A. Herman, Case Services Dep. Administrator
                                    U.S. Parole  Commission

EXHIBIT
19



1
2            FILED _____ LODGED
                    RECEIVED _____ COPY
3
4                    MAY 1 2000
5
6     IN THE UNITED STATES DISTRICT COURT
                    CLERK U S DISTRICT COURT
7        FOR THE DISTRICT OF ARIZONA

8
9   MICHAEL J. CONLON,              )  No. CV 98-346-TUC-WDB
10           Plaintiff,             )  ORDER
11   vs.                            )
12   NANCY BAILY, Warden and ;      )
     U.S. PAROLE COMMISSION,        )
13                                  )
             Defendants.            )
14                                  )
15   _____)

16       The Plaintiff having filed a Motion to Reopen Proceedings re Petition for Writ of
17   Habeas Corpus, the Court having considered the same,
18       IT IS ORDERED that the Motion to Reopen is GRANTED and that this matter is set
19   for Evidentiary Hearing on June 12, 2000 at 8:30 a.m. before the Honorable William D.
20   Browning.
21       IT IS FURTHER ORDERED that the Motion for Immediate Release from Custody
22   is DENIED.
23       The Court further directs the United States Attorney's Office to prepare the writ for
24   the production of Mr. Michael J. Conlon for the hearing on June 12, 2000.
25       DATED this 28th day of April, 2000.
26
27                          William D. Browning
28                          Senior United States District Judge

EXHIBIT
20

JUN.20.2000  11:20AM                                                    NO.240    P.2/3

FILED ——— LODGED
RECEIVED ——— COPY

JUN 19 2000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MICHAEL J. CONLON,                    )    No. CIV 98-346-TUC-WDB
                                      )
                Petitioner,           )    **ORDER**
                                      )
vs.                                   )
                                      )
NANCY BAILEY, et al.,                 )
                                      )
                Respondent.           )
                                      )
_____)

Pending before the Court are Respondents' Motion to Vacate Order to Reopen Proceedings, Motion to Vacate Hearing, and Motion to Reconsider Order Releasing Petitioner. An evidentiary hearing on Petitioner's claims was to have been held on June 12, 2000. Due to an error by the U.S. Marshal, that hearing was postponed and reset for August 7, 2000. Respondents' Motions were not filed until June 15, 2000. In consideration of the fact that Petitioner filed his claim on April 21, 2000, the Court ordered the hearing on May 25, 2000, and the hearing was to have been held on June 12th, Respondents' Motions are untimely and shall not be considered.

The issue for consideration at the August 7, 2000, hearing shall be whether this Court's Order of November 30, 1999, granting a Writ of Habeas Corpus, which did not order the Petitioner to resume contact with the Parole Commission, obviated the resumption of Petitioner's parole status. Respondents are ordered to address this issue in a brief filed with this Court by at least July 31, 2000.



EXHIBIT
21



1  Accordingly,

2  IT IS HEREBY **ORDERED**:

3  1.   Respondent's Motion to Vacate Order to Reopen is **DENIED**;

4  2.   Respondent's Motion to Vacate Hearing is **DENIED**;

5  3.   Respondent's Motion to Reconsider is **DENIED**.

6  IT IS FURTHER **ORDERED** that Respondent file a brief addressing the resumption

7  of Petitioner's parole status and the propriety of revoking parole by July 31, 2000.

8  DATED this 16th day of June, 2000.

9

10

11

William D. Browning
Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
CIVIL MINUTES - GENERAL

Date:____December 11, 2000_____

Civil Case No.__CV98-346-TUC-WDB_____

Title__MICHAEL CONLON_____ vs. ___SNANQ_____

```
                                        FILED _____ LODGED
                                ____ RECEIVED _____ COPY

                                    DEC 1 2 2000

                                CLERK U S DISTRICT COURT
                                 DISTRICT OF ARIZONA
                                _____ DEPUTY
```

=====================================================================
Present:

               HON.___WILLIAM D. BROWNING_____

Deputy                          Court
Clerk:_____Cathy Schwader_____   Reporter:_____Tape: 21-136_____

ATTORNEY(s) FOR PETITIONER          ATTORNEY(s) FOR RESPONDENT

__Natman Schaye_____      _____Gerald Frank_____
=====================================================================
PROCEEDINGS:   _XX___Open Court   _____Chambers   _____Other

STATUS HEARING_____

Hearing held.  Counsel for petitioner informs the Court that the petitioner is

not present and he has had no recent communication with his client._____

IT IS ORDERED continuing this matter until such time as the petitioner can be

brought before the Court._____

IT IS FURTHER ORDERED that a warrant be issued for the arrest of the petitioner

commanding the person executing the warrant to appear before this court with

the petitioner at the earliest practicable time._____

EXHIBIT
22

10 442 (Rev.5/85-AZ) Warrant for Arrest

# United States District Court

## District of Arizona

# WARRANT FOR ARREST

UNITED STATES OF AMERICA
V.
MICHAEL CONLON

CASE NUMBER :   **CV-98-346-TUC-WDB**

To:   The United States Marshal and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest   **MICHAEL CONLON**

and bring him or her forthwith to the nearest magistrate to answer a(n)

   XX Order of Court Failure to Appear

charging him  with (brief description of offense) failure to appear for the hearing on December 11, 2000 at 10:00 a.m.

before this court.

in violation of Title_____ United States Code, Section(s)_____

RICHARD H. WEARE_____
Name of Issuing Officer

Signature of Issuing Officer

(By) C. Schwader, Deputy Clerk

CLERK, U. S. DISTRICT COUERT_____
Title of Issuing Officer

   December 12, 2000, Tucson, Arizona_____
Date and Location

Bail fixed at $ DEFT. TO BE HELD WITHOUT BOND   By:  Judge William D. Browning_____

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at: |

| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
|---|---|---|
| Date of Arrest | | |

98V00553

FILED _____ LODGED
RECEIVED _____ COPY

AUG 2 7 2001

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

RECEIVED

2001 AUG 27 P 3: 33

U.S. ATTORNEY
TUCSON, AZ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL CONLON,<br><br>        Petitioner,<br><br>vs.<br><br>NANCY BAILEY, et al.,<br><br>        Respondents. | No. CIV 98-346-TUC-WDB<br><br>**ORDER** |

    Through a long and circuitous process, the Court is now considering the effects of its grant of a writ of habeas corpus to Petitioner in November 1999. Based on the following, the Court holds that Petitioner was not on notice of any requirement to contact the Parole Commission after his release on the writ, and, in an exercise of its equitable powers, the Court releases Petitioner from serving any remaining parole term.

**BACKGROUND**

    In 1986 Petitioner was sentenced to a mandatory release supervision term of 12 years and a special parole term of 8 years. In his Petition for Writ of Habeas Corpus, Petitioner argued that his constitutional rights were violated when his special parole term was revoked after he had absconded during his regular parole term, but before he had begun to serve the special parole term. The Court held that the special term was tolled, and as a result the

EXHIBIT
23



1  Parole Commission had no jurisdiction to revoke the special parole term. The Court ordered
2  that the Petitioner be released.

3      The Order contained no instructions concerning Petitioner's duty to contact the Parole
4  Commission. Petitioner claims that he attempted to contact his parole officer in Las Vegas
5  but was told that they would not handle his case. Petitioner then moved to Minnesota.

6      Petitioner was arrested by local police in Minnesota in the Spring of 2000. Although
7  it appears the state did not charge him with any violation of the law, he was transferred to the
8  U.S. Marshals for violating parole. A warrant for a parole violation has not yet been issued
9  and no probable cause hearing has been held.

10      Petitioner requested that the Court reopen his habeas petition, which the Court did.
11  An evidentiary hearing was set for June 12, 2000. However, Petitioner was not transferred
12  to Tucson, the hearing was continued and Petitioner was released. Petitioner failed to appear
13  for the rescheduled evidentiary hearing and a bench warrant was issued. Petitioner appears
14  to have been arrested on different charges. He was brought before this Court, pursuant to the
15  warrant.

16  **ISSUES**

17      Previously, the Government offered the following argument as to why Petitioner
18  should still be considered to be serving his special parole and to have absconded from
19  supervision. By the time Petitioner was released because of the grant of habeas corpus, he
20  had served the 12 year term of his sentence and mandatory release term. He therefore should
21  have begun serving the special parole term. Allegedly he was presented with a special parole
22  certificate before leaving prison, but refused to sign it because he wanted to discuss it with
23  his attorney. He allegedly stated he would contact parole in either Nevadea or Texas after
24  his December 15, 1999, release, but did not do so.

25      The Government argues that it is an inappropriate remedy for the wrong of improperly
26  imprisoning Petitioner to vacate his entire special parole term. The Government gives two
27  reasons for this: (1) it is possible for equitable considerations to be made by terminating the

28

- 2 -



1 supervised release term early; and (2) vacating the term would, in essence, vacate the

2 sentence imposed by the Texas district court without a showing that the sentence was

3 improper.

4      Petitioner argues, in response, that the Court should consider equitable issues in this

5 case. Petitioner has served nearly 11 years of prison time and close to 3 years on regular

6 parole. He was then incarcerated illegally for 22 months, as a result of the Parole

7 Commission's decision to revoke his special parole.

8      Additionally, Petitioner notes that the Parole Commission asserted that Petitioner

9 violated special parole and then converted his eight-year special parole term into a two year

10 term of imprisonment. Had the revocation been legitimate (and not the subject of

11 Petitioner's application for writ of habeas) Petitioner would have been released in March

12 2000 and the Parole Commission could have either imposed a term of ordinary parole, or

13 released Petitioner unconditionally. The Parole Commission does not have the authority to

14 re-impose a term of special parole, after the original term is revoked. *Robles v. U.S.*, 146

15 F.3d 1098 (9th Cir. 1998); *Fultz v. Stratman*, 963 F.Supp 926 (S.D.Cal. 1997). Had

16 Respondents actions been proper, they could not reimpose the special term, thus, they should

17 not be able to reimpose the term once their actions have been deemed illegal. Petitioner

18 argues that he should be released without conditions, or in the alternative, with a reasonable

19 period of regular parole.

20 **DISCUSSION**

21      The original grant of writ of habeas corpus was pursuant to 28 U.S.C. § 2241.

22 However, Petitioner was in custody under sentence by a federal court. Accordingly, the

23 Court has jurisdiction to vacate and set the judgment aside. . . [and] correct the sentence as

24 may appear appropriate." 28 U.S.C. § 2255. There is "broad and flexible power" conferred

25 upon a district court due to the equitable nature of habeas corpus relief. *See United States*

26 *v. Handa*, 122 F.3d, 690, 691 (9th Cir. 1997). Thus, where the actions of the Government are

27

28

- 3 -



1   set aside as illegal, the court is free to restructure the sentence to reflect the circumstances.

2   *Id.* at 692.

3       Here, the Court's original Order granting the writ of habeas corpus did not require the

4   Petitioner to establish contact with the Parole Commission, nor did it make clear that he still

5   had a term of probation to complete. Thus, the Court cannot find that Petitioner's failure to

6   contact the Parole Commission was improper.  Considering the amount of time that

7   Petitioner has spent in custody since his release on the writ, equity suggests that to impose

8   additional probation, on top of the 22 months of illegal imprisonment, would be unwarranted.

9       Accordingly,

10      IT IS HEREBY **ORDERED** that Petitioner's special parole term be **VACATED** and

11  Petitioner be **RELEASED** no later than August 31, 2001.

12      DATED this 24th day of August, 2001.

13

14

15  William D. Browning
    Senior United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201
CC-USP-NV1-702 388 6731 >

Name: CONLON, Michael John

Register Number: 34271-080                Institution: USPO - Las Vegas, NV

In the case of the above-named, the following parole action was ordered:

Withdraw the warrant dated 7/13/01 and close case.

NOTE TO U.S. MARSHAL - Return the unexecuted warrant to this office as soon as possible.


REASONS:

In an order dated 8/24/01, the U.S. District Court for the District of Arizona held that the special parole term must be vacated.  Conlon v. Bailey, No. CIV 98-346-TUC-WDB (D. Az. order dated 8/24/01).  If the government appeals this order and the court's decision is reversed, you may be required to serve your special parole term and you may be taken into custody as an alleged special parole violator.


THE ABOVE DECISION IS NOT APPEALABLE.

Attn:    Chief U.S. Probation Officer
         District of Nevada
         411 Bonneville
         Suite 400
         Las Vegas, NV  89101-6632


Date: September 7, 2001                    Clerk: dej

                                           CONLON.342

**EXHIBIT**
24

1

CERTIFICATE OF SERVICE

2
3

    I certify that a copy of the foregoing STATEMENT OF UNDISPUTED MATERIAL FACTS were mailed by first-class mail, postage pre-paid, on April___8___, 2003:

4

5

Wm. Patterson Cashill
410 California Avenue
Reno, NV 89509

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28