

1 DANIEL G. BOGDEN
United States Attorney
2
GREG ADDINGTON
3 Assistant United States Attorney
Nevada Bar # 6875
4 100 West Liberty Street, Suite 600
Reno, NV  89501
5 (775) 784-5438
(775) 784-5181-facsimile
6

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF NEVADA

9 MICHAEL J. CONLON,                )
                                    )
10       Plaintiff,                 )   CV-N-01-700-DWH-VPC
                                    )
11       v.                         )   UNITED STATES' ANSWER
                                    )   TO SECOND AMENDED COMPLAINT
12 UNITED STATES OF AMERICA;        )
UNITED STATES DEPARTMENT OF         )
13 JUSTICE;                         )
JOHN ASHCROFT, Attorney General;)
14 FEDERAL BUREAU OF PRISONS;       )
NANCY BAILEY, Warden of FGI,        )
15 Safford, Arizona;                )
UNITED STATES PAROLE COMMISSION;)
16 JOHN R. SIMPSON; U.S. Parole     )
Commissioner;                       )
17 UNITED STATES PROBATION OFFICE; )
KEVIN LOWRY, U.S. Probation         )
18 Officer;                         )
PATRICK FOY, U.S. Probation         )
19 Officer;                         )
THOMAS COLLINS, U.S. Probation      )
20 Officer;                         )
JOHN LAWHEAD, U.S. Probation        )
21 Officer;                         )
UNITED STATES SENTENCING            )
22 COMMISSION;                      )
                                    )
23          Defendants.             )
   _____ )
24

25       Comes now the United States of America, through its

26 undersigned counsel, and answers the second amended complaint as

27 follows:

28                                                          54

## I.   PARTIES

1.   Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph one and, on that basis, denies the allegations of paragraph one.

2.   Admits the allegations of paragraph two.

3.   Admits the allegations of paragraph three.

4.   Admits the allegations of paragraph four.

5.   Admits the allegations of paragraph five.

6.   Admits the allegations of paragraph six.

7.   Admits that, prior to his retirement, John Lawhead was a probation officer.

8.   Admits that, prior to her retirement, Nancy Bailey was a warden of the Safford, Arizona BOP facility.

9.   Admits the allegations of paragraph nine.

10. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph ten and, on that basis, denies the allegations of paragraph ten.

11.   Denies the allegations of paragraph eleven.

## II.   JURISDICTION[1]

9.   Denies that this Court has subject matter jurisdiction over this action.

## III. FACTS COMMON TO ALL CLAIMS

10.   Admits the allegations of paragraph ten.

---

[1]     The numbering of the paragraphs in the second amended complaint begins again with paragraph 9 after paragraph numbered 11.   To avoid any confusion, the United States will follow the numbering used by the plaintiff.

2

1   11.  Admits the allegations of paragraph eleven.

2   12.  Admits the allegations of paragraph twelve.

3   13.  Admits the allegations of paragraph thirteen.

4   14.  Admits the allegations of paragraph fourteen.

5   15.  Denies the allegations of paragraph fifteen.

6   16.  Admits the allegations of paragraph sixteen.

7   17.  Admits the allegations of paragraph seventeen.

8   18.  Admits the allegations of paragraph eighteen.

9   19.  Admits the allegations of paragraph nineteen.

10   20.  Admits the allegations of paragraph twenty.

11   21.  Denies the allegations of paragraph twenty-one.

12   22.  Lacks sufficient information to form a belief as to the
13  truth or falsity of the allegations of paragraph twenty-two and,
14  on that basis, denies the allegations of paragraph twenty-two.

15   23.  Lacks sufficient information to form a belief as to the
16  truth or falsity of the allegations of paragraph twenty-three
17  and, on that basis, denies the allegations of paragraph twenty-
18  three.

19   24.  Lacks sufficient information to form a belief as to the
20  truth or falsity of the allegations of paragraph twenty-four and,
21  on that basis, denies the allegations of paragraph twenty-four.

22   25.  Admits that the hearing examiner was Jeff Kostbar.
23  Lacks sufficient information to form a belief as to the truth or
24  falsity of the remaining allegations of paragraph twenty-five
25  and, on that basis, denies the remaining allegations of paragraph
26  twenty-five.

27   26.  Admits the allegations of paragraph twenty-six.

28                                 3

1    27.   Admits the allegations of paragraph twenty-seven.

2    28.   Denies the allegations of paragraph twenty-eight.

3    29.   Admits the allegations of paragraph twenty-nine.

4    30.   Admits that, on October 15, 1998, the Parole

5  Commission's National Appeals Board informed plaintiff that the

6  Commission's previous decisions were affirmed.   Denies the

7  remaining allegations of paragraph thirty.

8    31.   Admits the allegations of thirty-one.

9    32.   Admits the allegations of thirty-two.

10    33.   Admits the allegations of thirty-three.

11    34.   Admits the allegations of thirty-four.

12    35.   Admits the allegations of thirty-five.

13    36.   Admits the allegations of thirty-six.

14    37.   Admits the allegations of thirty-seven.

15    38.   Admits the allegations of thirty-eight.

16    39.   Admits the allegations of thirty-nine.

17    40.   Admits the allegations of forty.

18    41.   Admits the allegations of forty-one.

19    42.   Denies the allegations of paragraph forty-two.

20    43.   Admits the allegations of forty-three.

21    44.   Lacks sufficient information to form a belief as to the

22  truth or falsity of the allegations of paragraph forty-four and,

23  on that basis, denies the allegations of paragraph forty-four.

24    45.   Admits the allegations of forty-five.

25    46.   Admits the allegations of forty-six.

26    47.   Admits the allegations of forty-seven.

27    48.   Admits the allegations of forty-eight.

28                                  4

1    49.   Admits the allegations of forty-nine.

2    50.   Admits the allegations of fifty.

3    51.   Lacks sufficient information to form a belief as to the

4    truth or falsity of the allegations of paragraph fifty-one and,

5    on that basis, denies the allegations of paragraph fifty-one.

6    52.   Admits the allegations of fifty-two.

7    53.   Admits the allegations of fifty-three.

8    54.   Denies the allegations of paragraph fifty-four.

9    55.   Refers to and incorporates herein the responses to the

10   allegations in paragraphs 1-54.

11   56.   Denies the allegations of paragraph fifty-six.

12   57.   Denies the allegations of paragraph fifty-seven.

13   58.   Denies the allegations of paragraph fifty-eight.

14   59.   Admits the allegations of paragraph fifty-nine.

15   60.   Admits that plaintiff made certain arguments concerning

16   the Commission's jurisdiction.  Denies the remaining allegations

17   of paragraph sixty.

18   61.   Denies the allegations of paragraph sixty-one.

19   62.   Denies the allegations of paragraph sixty-two.

20   63.   Admits that plaintiff was assessed 24 months in prison.

21   Denies the remaining allegations of paragraph sixty-three.

22   64.   Denies the allegations of paragraph sixty-four.

23   65.   Denies the allegations of paragraph sixty-five.

24   66.   Denies the allegations of paragraph sixty-six.

25   67.   Denies the allegations of paragraph sixty-seven.

26   68.   Refers to and incorporates herein the responses to the

27   allegations in paragraphs 1-67.

28                                   5

69. Denies the allegations of paragraph sixty-nine.

70. Denies the allegations of paragraph seventy.

71. Denies the allegations of paragraph seventy-one.

72. Denies the allegations of paragraph seventy-two.

73. Denies the allegations of paragraph seventy-three.

74. Refers to and incorporates herein the responses to the allegations in paragraphs 1-73.

75. Denies the allegations of paragraph seventy-five.

76. Denies the allegations of paragraph seventy-six.

77. Denies the allegations of paragraph seventy-seven.

78. Refers to and incorporates herein the responses to the allegations in paragraphs 1-77.

79. Denies the allegations of paragraph seventy-nine.

80. Denies the allegations of paragraph eighty.

81. Denies the allegations of paragraph eighty-one.

82. Denies the allegations of paragraph eighty-two.

83. Denies the allegations of paragraph eighty-three.

84. Denies the allegations of paragraph eighty-four.

85. Refers to and incorporates herein the responses to the allegations in paragraphs 1-84.

86. Denies the allegations of paragraph eighty-six.

87. Denies the allegations of paragraph eighty-seven.

88. Denies the allegations of paragraph eighty-eight.

89. Denies the allegations of paragraph eighty-nine.

90. Denies the allegations of paragraph ninety.

91. Denies the allegations of paragraph ninety-one.

92. Denies the allegations of paragraph ninety-two.

6

1     93.   Denies the allegations of paragraph ninety-three.

2     94.   Refers to and incorporates herein the responses to the

3 allegations in paragraphs 1-93.

4     95.   Denies the allegations of paragraph ninety-five.

5     96.   Denies the allegations of paragraph ninety-six.

6     97.   Denies the allegations of paragraph ninety-seven.

7     98.   Denies the allegations of paragraph ninety-eight.

8     99.   The United States denies all allegations not otherwise

9 admitted in the above-numbered paragraphs.

10     AS A FIRST AFFIRMATIVE DEFENSE, the United States avers that

11 the second amended complaint fails to state a claim upon which

12 relief may be granted.

13     AS A SECOND AFFIRMATIVE DEFENSE, the United States avers

14 that this Court lacks subject matter jurisdiction over the

15 allegations of the second amended complaint.

16     AS A THIRD AFFIRMATIVE DEFENSE, the United States avers that

17 the plaintiff has failed to exhaust his administrative remedies

18 under the Federal Tort Claims Act.

19     AS A FOURTH AFFIRMATIVE DEFENSE, the United States avers

20 that this action is barred by the applicable statute of

21 limitations.

22     AS A FIFTH AFFIRMATIVE DEFENSE, the United States avers that

23 plaintiff failed to present a timely administrative claim as

24 required under the Federal Tort Claims Act.

25     AS A SIXTH AFFIRMATIVE DEFENSE, the United States avers that

26 plaintiff was himself negligent with respect to the events

27

28                       7

1 | described in the second amended complaint and such contributory
2 | negligence bars any recovery.

3 |     AS A SEVENTH AFFIRMATIVE DEFENSE, the United States avers
4 | that it is immunized from liability by the terms of 28 U.S.C.,
5 | section 2680(a).

6 |     AS AN EIGHTH AFFIRMATIVE DEFENSE, the United States avers
7 | that it is immunized from liability by the terms of 28 U.S.C.,
8 | section 2680(h).

9 |     WHEREFORE, the United States prays for judgment as follows:

10 |     1. That this action be dismissed with prejudice,

11 |     2. That plaintiff take nothing,

12 |     3. For costs of defending this action,

13 |     4. For such other and further relief as may be proper.

14 |            Respectfully submitted,

15 |            DANIEL G. BOGDEN
           United States Attorney

16 |

17 |

18 |            GREG ADDINGTON
           Assistant United States Attorney

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |                  8

1

CERTIFICATE OF SERVICE

2        I certify that a copy of the foregoing UNITED STATES' ANSWER
     TO SECOND AMENDED COMPLAINT was mailed by first-class mail,
3    postage pre-paid, on May __9__, 2003

4    Wm. Patterson Cashill
     410 California Avenue
5    Reno, NV 89509

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28