```
 1 │ DANIEL G. BOGDEN
   │ United States Attorney
 2 │
   │ GREG ADDINGTON
 3 │ Assistant United States Attorney
   │ Nevada Bar # 6875
 4 │ 100 West Liberty Street, Suite 600
   │ Reno, NV  89501
 5 │ (775) 784-5438
   │ (775) 784-5181-facsimile
 6 │
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL J. CONLON, | ) | |
| Plaintiff, | ) | CV-N-01-700-DWH-VPC |
| v. | ) | RENEWAL OF UNITED STATES' MOTION TO DISMISS ACTION |
| UNITED STATES OF AMERICA, et al. | ) | OR FOR SUMMARY JUDGMENT |
| Defendants. | ) | |

Comes now the United States of America, through its undersigned counsel, and renews its motion (#44) for dismissal of this action or, alternatively, for summary judgment. In support of the renewal of such motion, the United States provides the following procedural history and status report.

Conlon commenced this action pro se against multiple individuals and institutional defendants, seeking damages arising from the "illegal incarceration" of Conlon. In March 2002, Conlon (through counsel) filed an amended complaint. The various defendants (all of whom are federal officials or federal entities) filed a joint motion (#15) to dismiss or for summary judgment. Conlon opposed the motion and also sought leave to file a second amended complaint. Upon leave being so granted, the second amended complaint was filed (#42) although the

defendants' dispositive motion was then pending as to the first amended complaint. By Order (#41) entered March 14, 2003, this Court denied the motion to dismiss without prejudice. The Court concluded that the filing of the second amended complaint had left the motion to dismiss the first amended complaint "moot."

During the pendency of the motion to dismiss the first amended complaint, this matter was referred to the United States Magistrate Judge for a settlement conference (#38). The parties jointly requested a settlement conference and agreed to a date for the conference (##38&39). Shortly before the settlement conference was to begin, Conlon informed the Court (through counsel) that he would not be appearing at the settlement conference as scheduled. Accordingly, the settlement conference (which Conlon had requested) was vacated (#40).

In response to the second amended complaint, all of the defendants again filed their joint motion to dismiss or for summary judgment (#44), along with a statement of undisputed facts (#45). Following the filing of that motion and prior to any opposition thereto, the parties entered into a stipulation which provided (1) for the dismissal of all defendants except the United States, (2) for a dismissal of all actions against the United States except claims arising under the Federal Tort Claims Act (FTCA), and (3) for a stay of the action against the United States for 60 days so that the parties could (again) seek the services of the Court for a settlement conference. The stipulation was approved by the Court on May 6, 2003 (#53). In addition to approving the stipulation of the parties, the Court

2

noted that "This stipulation and order disposes of defendants' motion (#44) to dismiss." See Order (#53). In fact, the stipulation did not "dispose" of the pending motion to dismiss. Rather, the stipulation disposed of only a portion of the pending motion; specifically, it disposed of the motion as to all defendants other than the United States and all claims other than FTCA claims. As to the remainder of the motion (which sought dismissal of the FTCA claims or summary judgment in favor of the United States), the stipulation provided for a limited stay of the matter so that a settlement conference could (again) be scheduled.

A settlement conference was again scheduled before the United States Magistrate Judge for July 16, 2003 (#55). Again, Conlon failed to appear for the scheduled conference (#56). Conlon's counsel then sought leave to withdraw as counsel of record, which motion was granted on September 15, 2003 (#60).

The United States now renews its motion (#44) to dismiss the FTCA claims asserted in the second amended complaint or, in the alternative, for summary judgment. In support thereof, the United States refers to the memorandum of law which accompanied the previously-filed motion (#44) and the statement of undisputed facts (#45) which accompanied that motion. The United States argues that the FTCA negligence-based claims against the United States (which are the only claims which remain) are barred by the applicable statute of limitations and, even if not so barred, lack sufficient evidentiary support. The arguments which support

the United States' position are set forth at pages 17-19 and pages 33-35 of the previously-filed motion (#44). No opposition to the motion has been filed.

Accordingly, this action against the United States should be dismissed or, alternatively, summary judgment entered against plaintiff and in favor of the United States.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Assistant United States Attorney

4

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing RENEWAL OF UNITED STATES' MOTION TO DISMISS ACTION OR FOR SUMMARY JUDGMENT was mailed by first-class mail, postage pre-paid, on October 15, 2003

Michael J. Conlon
Washoe County Jail
911 Parr Blvd.
Reno, NV 89512

_____