JAMES ANDRÉ BOLES, ESQ. **ORIGINAL**
Nevada Bar Number 003368
18 Stewart Street
Reno, Nevada 89501
Telephone: (775) 329-1544
Attorney for Plaintiff

FILED
04 MAR -1 PM 3: 47
LANCE S. WILSON
CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL J. CONLON,

　　　　Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,

　　　　Defendants.

Case No. CV-N-01-0700-DWH-VPC

**PLAINTIFF'S OPPOSITION TO DISMISS SECOND AMENDED COMPLAINT OR FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff, Michael J. Conlon, by and through counsel James André Boles, Esq., and hereby OPPOSES Defendant United States of America's Motion to Dismiss or for Summary Judgment. This opposition is made and based on the following points and authorities and all pleadings and papers on file herein.

Respectfully submitted this 1st day of March, 2004.

James André Boles, Esq.

1

75

# MEMORANDUM OF POINTS AND AUTHORITIES

## OVERVIEW

The full chronology of this matter has set forth numerous times thus will not be reiterated here. The essential dates for the purposes of the instant motion are that Plaintiff Michael J. Conlon ("Plaintiff") was allegedly wrongfully arrested in February of 1998. On August 27, 2001 the Honorable William D. Browning of the United States District Court, Arizona District, entered an order finalizing Plaintiff's release. Plaintiff filed his complaint on December 14, 2001 based on 42 U.S.C. § 1983 and § 1985 violations. Defendant United States of America ("Defendant") renews its motion to dismiss or in the alternative motion for summary judgment based on the arguments that the claims are time barred and there are no issues of material fact remaining.

## ARGUMENT

I. The Action is Not Time Barred.

   A. Federal Tort Claims Act Prerequisites

Claims against the United States brought under the Federal Tort Claims Act must be presented to the appropriate Federal agency within two years after the claim <u>accrues</u> (U.S.C. § 2401). (emphasis added)

   B. Accrual Date

Federal courts apply the forum state's statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 271, 276 (1985). However, the "accrual" of a § 1983 action is determined by federal law. *Fink v. Shedler*, 192 F. 3d 911, 914 (9th Cir. 1999). A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). The accrual of a § 1983 claim depends upon the substantive basis of the claim *Cabrera v. City of Huntington Park*, 159 F. 3d 374, 380 (9th Cir. 1998). Plaintiff must demonstrate that his sentence and conviction was declared invalid in order to successfully alleged violations of his Fourth Amendment rights. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. *Ibid.* A § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has

2

1 been invalidated. *Heck* @ 490. The order releasing Plaintiff and vacating the parole sentence was
2 entered on August 27, 2001, thus according to *Heck* the statute of limitations for Plaintiff's claims
3 would have been August 27, 2003. Plaintiff submitted his claims to The United States Department of
4 Justice in July of 2001.

5     II.     Summary Judgment

6     Defendant has not met the burden of proof demonstrating absence of material fact in their
7 attempt for dismissal for summary judgment. Defendant sole argument on this point is that the
8 undisputed material facts show a "legitimate good-faith legal dispute concerning the computation of
9 [Plaintiff's] release date" (Doc. #44 p. 34:15-18). This argument must also fail. The "legitimate
10 good-faith" effort consisted of a hearing in which the hearing officer knew, or should have known,
11 that there was no legal basis for the extended sentence, evidenced by the August 27, 2001 order.
12 Thus the extent to which Plaintiff's parole hearings were conducted in good-faith is a question of fact.

13     Summary judgment is only proper when "the pleadings, depositions, answers to
14 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
15 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
16 law." (FRCP 56(c)). "Inferences to be drawn from the underlying facts contained in moving party's
17 materials must be viewed in light most favorable to party opposing motion" (*United States v.*
18 *Diebold, Inc.*, 369 U.S. 654 (1962). It is the Court's duty to "determine, viewing the evidence in the
19 light most favorable to the nonmoving party, whether there are any genuine issues of material fact"
20 (*Suzuki Motor Corp. v. Consumers Union of U.S.*, 00-56043 [9th Cir. 2002]). "Credibility
21 determinations, weighing of evidence, and drawing of legitimate inferences for the facts are jury
22 functions"(*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2506 [1986]). It is
23 Plaintiffs' contention that genuine issues exists and the presence of such issues creates a question of
24 fact, thereby precluding summary judgment (*Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1221 (9th
25 Cir. 1999). In the case at bar, the question is whether Plaintiff was unlawfully incarcerated for
26 alleged parole violations. Based on the law of the case, i.e., the order releasing him, the detention
27 ////
28 ////

1  was unlawful. Plaintiff contends he was not and based on the fact that he was sentenced an
2  additional time despite an order which ended his parole.

## CONCLUSION

THEREFORE, for the reasons stated hereinabove Defendant United States of America's Motion to Dismiss must be DENIED.

Dated this ___1st___ day of __March__, 2004.

JAMES ANDRE BOLES, ESQ.
Attorney for Plaintiff

4

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(a), I hereby certify that I am an employee of the law offices of JAMES ANDRÉ BOLES and that on this date, I served a true and correct copy of the foregoing document by:

____     Depositing for mailing, in a sealed envelope, U.S. Postage prepaid, at Reno, Nevada.

_X_     Reno/Carson Messenger Service.

____     Personal Delivery.

____     Facsimile.

addressed as follows:

Greg Addington
Assistant United States Attorney
100 W. Liberty Street, Suite 600
Reno, Nevada 89501

DATED this ___1___ day of __March__, 2004.

/s/ Zwaantje Rorex

5