DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Assistant United States Attorney
Nevada Bar # 6875
100 West Liberty Street, Suite 600
Reno, NV 89501
(775) 784-5438
(775) 784-5181-facsimile

FILED
04 MAR 11 PM 3:54
LANCE S. WILSON
CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL J. CONLON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendants.

CV-N-01-0700-DWH-VPC

REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Comes now the United States of America, through its undersigned counsel, and submits its reply memorandum in further support of its renewed motion to dismiss or for summary judgment (#62).

As noted in the United States' renewed motion, the only defendant remaining in this case is the United States and the only claim remaining is an action under the Federal Tort Claims Act (FTCA). See Stipulation for Dismissal, etc. (#53). The United States previously sought dismissal of the FTCA claim on the grounds that such claim was barred by the statute of limitations and also sought, alternatively, summary judgment (#44). No disposition of that motion was made due to an effort by the parties to schedule another settlement conference. That effort having failed due to plaintiff's failure to appear for the settlement conference,[1] the United States renewed its previous motion to dismiss or for summary judgment.

---

[1] Although plaintiff has requested several settlement conferences and such conferences have been scheduled, plaintiff has failed to appear for any such conference.



Plaintiff opposes the renewed motion, arguing that the statute of limitations does not bar the FTCA action and further arguing that summary judgment is precluded by unspecified material issues of fact. As discussed below, plaintiff's opposition betrays a fundamental misunderstanding of the claim which is made against the United States under the FTCA.

1. Statute of Limitations

In its renewed motion for dismissal, the United States argued that plaintiff's FTCA claim for false arrest accrued in February 1998 (when he was arrested) and that his July 1991 administrative claim was untimely (beyond the two-year limitations period). In response, plaintiff argues that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." See Opposition memorandum, p.2, lines 27-ff. Plaintiff cites Heck v. Humphrey, 512 U.S. 477 (1994) to support his statement concerning the accrual of a cause of action under 42 U.S.C., section 1983. Plaintiff offers no other analysis concerning the United States' statute of limitations defense.

The difficulty with plaintiff's "analysis" is that this is not an action under § 1983, has never been an action under § 1983, and can not be construed as an action under § 1983. Accordingly, there is no basis to evaluate the accrual of plaintiff's FTCA cause of action using principles applicable to § 1983 actions.

The second amended complaint (#42) makes no mention of a claim under 42 U.S.C., section 1983. Moreover, even if a § 1983 claim had been alleged (which it was not), all claims other than an FTCA claim for false arrest against the United States were dismissed upon stipulation of the parties approved by the Court (#53). Moreover, no § 1983 claim can be asserted against the United States (or its agencies and employees) because § 1983, by its terms, imposes liability only against persons acting under color of state law. FDIC v. Meyers, 510 U.S. 471 (1994); Daly-Murphy v. Winston, 837 F.2d 348 (9th Cir. 1984); see also Gomez v. Toledo, 446 U.S. 635 (1980). There is, accordingly, no conceivable basis for the suggestion that a

2

section 1983 claim is pending in this action against the United States. There being no section 1983 claim pending in this action, plaintiff's discussion of the statute of limitations analysis pertinent to a section 1983 claim is wholly inapplicable to the United States' motion.

Nor does plaintiff's section 1983 analysis apply by analogy to this FTCA claim for false arrest (and plaintiff does not argue in favor of such an analogy). In Heck v. Humphrey, id, the question before the Supreme court was whether a claim for money damages arising out of an unlawful conviction could be pursued under section 1983. Heck, 512 U.S. at 480, fn.2. The Supreme Court analogized the wrongful conviction claim to a malicious prosecution claim and explicitly differentiated it from a false arrest claim or false imprisonment claim. Id, 512 U.S. at 484. The Supreme Court held that a § 1983 claim for damages arising out of an allegedly unconstitutional conviction or imprisonment, or for other harm cause by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. Id, 512 U.S. at 486-87.

The Heck analysis is inapplicable to this case because plaintiff's claim under the FTCA is for false arrest, not for malicious prosecution or for acts whose unlawfulness would render the imprisonment invalid. Rather, plaintiff's claim arises out of an alleged error in the computation of a parole period under the "old" parole system, a computation which resulted in the issuance of an arrest warrant and plaintiff's arrest in February 1998 when he violated the terms of his parole. Plaintiff's "false arrest" claim under the FTCA accrued at that time rather than when plaintiff was released in August 2001 because all of the events which resulted in his "false" arrest occurred on or before the date of his arrest.[2]

---

[2]   Plaintiff's argument regarding the accrual of his FTCA claim is also inconsistent with the timing of his administrative claim. The administrative claim was presented in July 2001, a date which would be before the claim accrued using plaintiff's accrual date of August 2001 when he was released.

3

For the foregoing reasons, this FTCA action against the United States must be dismissed because plaintiff failed to file a timely administrative tort claim, a jurisdictional requirement under the FTCA.

## 2. Alternatively, Summary Judgment Should Be Granted

In opposition to the United States' alternative motion for summary judgment, plaintiff argues that a fact issue remains concerning "the extent to which Plaintiff's parole hearings were conducted in good faith." See Opposition memorandum, p.3. Plaintiff fails, however, to submit any affidavits or other evidentiary materials which would support a finding favorable to plaintiff. It is wholly inadequate to simply "argue" the existence of various abstract "facts" to oppose an otherwise factually-supported motion for summary judgment.

There is no evidentiary support for a finding of negligence against the United States in this FTCA action. Plaintiff contends that he was incarcerated "too long" because his parole status was improperly evaluated by the U.S. Parole Commission (which issued the arrest warrant). The dispute concerning the Parole Commission's evaluation of plaintiff's parole status was a legal dispute which eventually was adjudicated favorably to plaintiff in habeas corpus proceedings in the District of Arizona, when that court accepted plaintiff's legal position as correct and ordered plaintiff released from custody. That finding, however, does not automatically provide a viable claim for damages under the FTCA.

Accordingly, summary judgment should be entered against plaintiff and in favor of the United States regarding the only claim which remains in this litigation, the claim for false arrest under the FTCA.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Assistant United States Attorney

4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' <u>RENEWED</u> MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT was mailed by first-class mail, postage prepaid, on March _11_, 2004:

James Andre Boles, Esq.
618 South Center Street
Reno, NV 89501

| | | | | | | |
|---|---|---|---|---|---|---|
| 3/12/2004 | | | **Submission Memo** | | | Page 1 of 1 |

| Case Number | Caption | | | | Date Filed | Nat/Suit |
|---|---|---|---|---|---|---|
| CR-N-98-0148 - HDM - PHA | USA VS Robert H. Cosby | | | WAYNE JULIAN | 08/05/1999 | |

| Sub Date | Doc | Judge | Type Status | Age | Document Type Document Name | Description |
|---|---|---|---|---|---|---|
| 03/20/2004 | 105 | DW | Due<br>Not Comp | 8 | MINUTES OF PROCEEDINGS HEARING | Revoc Hearing cont to 3/16/04 2pm. |
| 05/01/2004 | 103 | HDM | Due<br>Not Comp | 22 | SUMMONS ISSUED | chk status of summons issd re doc #102 as to Cosby |
| 10/10/2004 | 102 | HDM | Due<br>Not Comp | 23 | ORDER PETITION | chk status of pet revoke spsvsd rels |
| 02/27/2006 | 96 | | Due<br>Not Comp | 379 | ORDER | ck for retn of exibits. |
| 03/12/2004 | 104 | HDM | Sub<br>Sub | 9 | MEMORANDUM | memo in spt of #102 obo Govt; #106-suppl; #107-oppo; reply due |

## COMMENTS