```
 1 │ DANIEL G. BOGDEN
   │ United States Attorney
 2 │
   │ GREG ADDINGTON
 3 │ Assistant United States Attorney
   │ Nevada Bar # 6875
 4 │ 100 West Liberty Street, Suite 600
   │ Reno, NV  89501
 5 │ (775) 784-5438
   │ (775) 784-5181-facsimile
 6 │
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| MICHAEL J. CONLON, | ) | |
|---|---|---|
| Plaintiff, | ) | CV-N-01-700-DWH-VPC |
| | ) | |
| v. | ) | UNITED STATES' |
| | ) | <u>MOTION FOR SUMMARY JUDGMENT</u> |
| UNITED STATES OF AMERICA, et al. | ) | |
| Defendants. | ) | |

Comes now the United States of America, through its undersigned counsel, and moves this Court for summary judgment, pursuant to Rules 7(b) and 56, Fed.R.Civ.P.

This motion is made on the grounds that, based on facts admitted by plaintiff during discovery, plaintiff can not sustain his burden of proof regarding essential elements of his claim. Accordingly, summary judgment must be entered in favor of the United States and against plaintiff.

This motion is based on the statements and materials described in the declaration of Greg Addington, filed and served

84

herewith, the accompanying memorandum of law, and the pleadings and papers filed herein.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

_____
GREG ADDINGTON
Assistant United States Attorney

MEMORANDUM OF LAW IN SUPPORT OF
UNITED STATES' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Conlon commenced this action pro se against multiple individuals and institutional defendants, seeking damages arising from the "illegal incarceration" of Conlon. In March 2002, Conlon (through counsel) filed an amended complaint. The various defendants (all of whom are federal officials or federal entities) filed a joint motion (#15) to dismiss or for summary judgment. Conlon opposed the motion and also sought leave to file a second amended complaint. Upon leave being so granted, the second amended complaint was filed (#42) although the defendants' dispositive motion was then pending as to the first amended complaint. By Order (#41) entered March 14, 2003, this Court denied the motion to dismiss without prejudice. The Court concluded that the filing of the second amended complaint had left the motion to dismiss the first amended complaint "moot."

During the pendency of the motion to dismiss the first amended complaint, this matter was referred to the United States Magistrate Judge for a settlement conference (#38). The parties jointly requested a settlement conference and agreed to a date for the conference (##38&39). Shortly before the settlement conference was to begin, Conlon informed the Court (through counsel) that he would not be appearing at the settlement conference as scheduled. Accordingly, the settlement conference (which Conlon had requested) was vacated (#40).

In response to the second amended complaint, all of the defendants again filed their joint motion to dismiss or for summary judgment (#44), along with a statement of undisputed facts (#45). Following the filing of that motion and prior to any opposition thereto, the parties entered into a stipulation which provided (1) for the dismissal of all defendants except the United States, (2) for a dismissal of all actions against the United States except claims arising under the Federal Tort Claims Act (FTCA), and (3) for a stay of the action against the United States for 60 days so that the parties could (again) seek the services of the Court for a settlement conference. The stipulation was approved by the Court on May 6, 2003 (#53).

A settlement conference was again scheduled before the United States Magistrate Judge for July 16, 2003 (#55). Again, Conlon failed to appear for the scheduled conference (#56). Conlon's counsel then sought leave to withdraw as counsel of record, which motion was granted on September 15, 2003 (#60).

Following the second aborted settlement conference, the United States renewed (#62) its motion to dismiss the FTCA claims (which, by stipulation of the parties, were the only claims which remained pending). Plaintiff obtained new counsel and opposed the motion. By Order (#77) entered June 9, 2004, the United States' motion to dismiss was granted in part and denied in part. Based on the June 9, 2004, Order, the only jurisdictionally viable claim which remains is "...plaintiff's first negligence claim arising out of the events surrounding his February 19, 1998

4

arrest and subsequent imprisonment." See Order (#77), p. 18, lines 1-3.

Following the June 9, 2004, Order, this Court directed the parties to a status conference before U.S. Magistrate Judge Cooke for entry of an appropriate scheduling order regarding discovery and other pretrial proceedings. See Minutes of the Court (#78). At the August 17, 2004 status conference, the parties agreed to and the Court approved of a scheduling order (#79) which established deadlines for completion of discovery (October 15, 2004), the filing of dispositive motions (November 15, 2004), and the submission of a joint pretrial order (December 15, 2004). The Minutes of the Court from the status conference (#79) also reflect the parties' agreement that a settlement conference be scheduled (again).[1]

Mindful of the abbreviated discovery period, the United States immediately propounded requests for admission and interrogatories to plaintiff. Responses to the discovery were due September 21, 2004. Plaintiff failed to respond by the due date. Again mindful of the abbreviated discovery period, United States' counsel spoke to plaintiffs' counsel and then wrote a letter to plaintiffs' counsel regarding the delinquent responses. The September 28, 2004 letter specifically informed plaintiff that the matters set forth in the requests for admissions were

---

[1] A settlement conference is now scheduled before U.S. Magistrate Judge Cooke for November 19, 2004. See Order (#80). It remains to be seen whether plaintiff will bother to appear at the (third) scheduled settlement conference. See Plaintiff's Request to Waive Settlement Conference (#81).

5

deemed admitted by operation of Rule 36, Fed.R.Civ.P. See Letter dated 9-28-04 (attached as exhibit B to declaration of Greg Addington).

The October 15, 2004, discovery deadline passed with no responses by plaintiff to the discovery propounded by the United States. On November 5, 2004, proposed responses to the request for admissions and interrogatories were delivered by plaintiff to United States' counsel. By letter of the same date, plaintiff's counsel was informed that the admissions were deemed admitted in accordance with Rule 36 and that relief under Rule 36 would need to be obtained if those deemed admissions were to be withdrawn. The same letter also noted the significant deficiencies in the responses to interrogatories. See Letter dated 11-5-04 (attached as exhibit C to declaration of Greg Addington).[2]

Mindful of the deadline for filing of dispositive motions, the United States now brings its motion for summary judgment based on the "deemed admissions" set forth in the request for admission. As of the date of this motion, plaintiff has not sought relief from the deemed admissions as provided in Rule 36(b), Fed.R.Civ.P.

II. STATEMENT OF FACTS

The following facts have been deemed admitted by operation of Rule 36, Fed.R.Civ.P. See United States' Requests for

---

[2] As required, United States' counsel is attempting to resolve the deficiencies in the interrogatory responses prior to filing a motion to compel. As of the date of this motion, those efforts have not been successful.

6

Admission (attached as exhibit A to declaration of Greg Addington). The language below is a verbatim re-creation of the requests for admission, except as indicated.

 1. On August 8, 1986, [Conlon was] sentenced to a 12-year term of imprisonment and an 8-year special parole term by the U.S. District Court for the Western District of Texas for distribution of cocaine.

 2. Prior to being mandatorily released on November 7, 1997 from [Conlon's] 12-year term of imprisonment, [he was] paroled four times.

 3. Prior to being mandatorily released on November 7, 1997 from [his] 12-year term of imprisonment, [Conlon's] parole was revoked four times.

 4. Following [his] release from imprisonment on November 7, 1997, [Conlon was] subject to supervision on mandatory release by a U.S. Parole Officer until January 28, 1998.

 5. The 8-year special parole term imposed by the U.S. District Court for the Western District of Texas commenced on January 28, 1998.

 6. On February 12, 1998, the U.S. Parole Commission issued a violator warrant regarding an alleged violation of the conditions of [Conlon's] special parole.

 7. The U.S. Parole Commission's issuance of the February 12, 1998 violator warrant was not caused by any negligent or wrongful act or omission of any employee of the United States.

 8. The stated factual basis for the Parole Commission's issuance of the February 12, 1998 violator warrant was [Conlon's]

alleged failure to inform a U.S. Parole Officer of a change in [his] residence address.

9. Prior to the Parole Commission's issuance of the February 12, 1998 violator warrant, [Conlon] had failed to inform a U.S. Parole Officer of a change in [his] residence address.

10. Prior to the Parole Commission's issuance of the February 12, 1998 violator warrant and after the commencement of [his] 8-year special parole term, [Conlon] had changed [his] residence address.

11. One of the conditions of [Conlon's] 8-year term of special parole was an obligation to inform a U.S. Parole Officer of a change in [his] residence address.

12. [Conlon was] arrested on the U.S. Parole Commission's February 12, 1998 violator warrant on February 20, 1998.

13. [Conlon's] February 20, 1998 arrest was not caused by any negligent or wrongful act or omission of any employee of the United States.

14. On February 25, 1998, [Conlon] admitted to the violation described in the U.S. Parole Commission's February 12, 1998 violator warrant during a preliminary interview with a U.S. Parole Officer.

15. The U.S. Parole Commission had jurisdiction to issue a warrant on February 12, 1998, for [Conlon's] arrest on account of [his] failure to inform a U.S. Parole Officer of a change in [his] residence address.

8

16. [Conlon] filed a petition for writ of habeas corpus in the U.S. District Court for the District of Arizona on July 27, 1998.

17. On August 27, 1998, [Conlon] (through counsel) requested leave to amend [the] petition for writ of habeas corpus in the U.S. District Court for the District of Arizona.

18. On November 4, 1998, [Conlon] (through counsel) requested an extension of time in which to amend [the] petition for writ of habeas corpus in the U.S. District Court for the District of Arizona.

19. On January 29, 1999, [Conlon] (through counsel) requested an extension of time in which to amend [the] petition for writ of habeas corpus in the U.S. District Court for the District of Arizona.

20. On February 19, 1999, [Conlon] (through counsel) filed an amended petition for writ of habeas corpus in the U.S. District Court for the District of Arizona.

21. On March 8, 1999, [Conlon] (through counsel) filed a motion for release on bond pending resolution of [his] petition for writ of habeas corpus in the U.S. District Court for the District of Arizona.

22. On April 2, 1999, the U.S. District Court for the District of Arizona ordered that service of the amended petition for writ of habeas corpus and the motion for release on bond be made upon the United States.

23. The United States responded to the motion for release on bond on April 2, 1999.

24. The United States responded to the amended petition for writ of habeas corpus on May 20, 1999.

25. Pursuant to the order of the U.S. District of Arizona, [Conlon was] released from custody on December 15, 1999.

26. No portion of [Conlon's] incarceration from February 20, 1998 to December 15, 1999 was caused by any negligent or wrongful act or omission of any employee of the United States.

27. In April 2000, [Conlon was] arrested in Minnesota for criminal conduct including fraud and making a false statement to a police officer.

## III. ARGUMENT

The Ninth Circuit has long recognized that "unanswered requests for admissions" provide a sufficient basis for granting summary judgment. O'Campo v. Hardisty, 262 F.2d 621, 624 (9th Cir. 1958); see also Cereghino v. Boeing Co., 873 F.Supp. 398, 403 (D.Ore. 1994)(granting summary judgment on the basis of Rule 36 admission "accruing upon [the plaintiff's] default in responding" to the defendant's request for admissions).

Rule 36, Fed.R.Civ.P., provides the unambiguous description of the effect of such admissions on the litigation.

> Rule 36. Requests for Admission
> (a) Request for Admission
> ... The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow..., the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter...

10

> (b) Effect of Admission
> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

Rule 36, Fed.R.Civ.P.

By the plain language of the rule, a party's failure to respond to a request for admission within the designated period results in automatic admission of the requests and conclusively establishes the admitted facts as the law of the case. An-Port, Inc. v. MBR Ind., 772 F.Supp. 1301 (D.Puerto Rico 1991); see also Milene Music, Inc. v. Gutauco, 551 F.Supp. 1288 (D.C.R.I. 1982); Upshaw v. Equitable Life Assur. Soc of U.S., 85 F.R.D. 674 (D.C. Ark. 1980); Weaver Oil Cor. v. Belco petroleum Corp., 68 F.R.D. 663 (D.C.W.Va. 1975).

Prior rulings of this Court in this case have narrowed the jurisdictionally viable claims to a single claim under the Federal Tort Claims Act (FTCA). That claim is based on the allegations of negligence "arising out of the events surrounding [Conlon's] February 19, 1998 arrest and subsequent imprisonment." See Order (#77), p. 18, lines 1-3. All other claims have been dismissed. Id. at p. 20, lines 16-23.

The FTCA provides a waiver of sovereign immunity for recovery of damages against the United States for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment..." See 28 U.S.C., section 2679(a); see also 28 U.S.C., sections 1346(b)(1) and 2672. By operation of Rule 36(b), Fed.R.Civ.P., plaintiff

11

has admitted the following facts (among others) and they are "conclusively established" for the purpose of this pending action:

- On February 12, 1998, the U.S. Parole Commission issued a violator warrant regarding an alleged violation of the conditions of Conlon's special parole;

- The U.S. Parole Commission's issuance of the February 12, 1998 violator warrant was not caused by any negligent or wrongful act or omission of any employee of the United States;

- Conlon was arrested on the U.S. Parole Commission's February 12, 1998 violator warrant on February 20, 1998.

- Conlon's February 20, 1998 arrest was not caused by any negligent or wrongful act or omission of any employee of the United States;

- Pursuant to the order of the U.S. District of Arizona, Conlon was released from custody on December 15, 1999;

- No portion of Conlon's incarceration from February 20, 1998 to December 15, 1999 was caused by any negligent or wrongful act or omission of any employee of the United States.

Based on the conclusive establishment of such facts, plaintiff can not prevail on his FTCA claim against the United States. The only basis for imposition of FTCA liability is a causal link between the claimed damages and some "negligent or wrongful act or omission" of a United States employee. The Rule 36 admissions have "conclusively established" that no such causal link exists. Plaintiff can not sustain his burden of proof on the essential elements of his FTCA claim and, accordingly,

summary judgment should be entered against plaintiff on that claim, which is the only claim before the Court.

IV. CONCLUSION

Based on the foregoing, summary judgment should be entered against plaintiff and in favor of the United States.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Assistant United States Attorney

13

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing UNITED STATES' MOTION FOR SUMMARY JUDGMENT and DECLARATION OF GREG ADDINGTON was mailed by first-class mail, postage pre-paid, on November 12, 2004, to:

James Andre Boles
18 Stewart Street
Reno, NV 89501

*Judy K. Farmer*