| | |
|---|---|
| 1 | DANIEL G. BOGDEN<br>United States Attorney |
| 2 | |
| 3 | GREG ADDINGTON<br>Assistant United States Attorney<br>Nevada Bar # 6875 |
| 4 | 100 West Liberty Street, Suite 600<br>Reno, NV 89501 |
| 5 | (775) 784-5438<br>(775) 784-5181-facsimile |

FILED
05 JAN -3 PM 12: 46

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL J. CONLON, | ) | |
| Plaintiff, | ) | CV-N-01-700-DWH-VPC |
| v. | ) | UNITED STATES' REPLY<br>MEMORANDUM IN FURTHER |
| UNITED STATES OF AMERICA, | ) | SUPPORT OF MOTION FOR SUMMARY<br>JUDGMENT |
| Defendant. | ) | |

Comes now the United States of America, through its undersigned counsel, and submits the following reply memorandum in further support of its motion for summary judgment (#84). As discussed below, plaintiff's opposition (#96) to the motion for summary judgment is untimely and, even if it is considered, fails to provide any support for denial of the motion. Accordingly, the motion for summary judgment should be granted.

I. INTRODUCTION

The United States filed its motion for summary judgment (#84) on November 12, 2004, along with the discovery responses (non-responses) which provided the factual support for the motion. The motion was based on the admissions which became operative through Rule 36, Fed.R.Civ.P. Plaintiff filed no opposition to the motion for summary judgment within the time provided by Local Rules and sought no extension of the time period. The United States filed its "notice of failure to respond" (#90) on December 7, 2004, requesting the Court to grant the unopposed moiton. Plaintiff eventually sought leave to file a late opposition to the motion for summary judgment on December 13, 2004 (#91), which was granted. By Order (#92) entered

/01

December 14, this Court directed plaintiff to file his opposition to the motion for summary judgment no later than 12:00 p.m. on December 20. The same order stated that "[t]here will be no further extensions." Plaintiff failed to meet this deadline, filing his opposition (#96) mid-afternoon on December 20.[1]

The United States defers to the Court's discretion regarding the treatment of plaintiff's untimely opposition.

Plaintiff provides no evidentiary materials in opposition to the motion for summary judgment. There are no affidavits, no declarations, no discovery materials, and no documentary materials. Rather, plaintiff simply argues that his failure to respond to the Rule 36 requests for admissions was justified because (1) the requested admissions contradict factual matters already adjudicated by this Court, (2) the requested admissions were beyond plaintiff's competence, and (3) the United States should be estopped from relying on the admissions.[2] As discussed below, plaintiff's arguments are meritless.

## II. ARGUMENT

Plaintiff first argues that this Court has already determined that the United States was negligent in connection with the arrest and imprisonment of plaintiff and that such prior determination represents the "law of the case." See Plaintiff's opposition, p.6, lines 10-13. Quite simply, no such determination has been made by this Court (or any other Court). This Court's June 9, 2004 Order (#77), which appears to be the basis for plaintiff's argument, was a

---

[1] This is, of course, not the first time plaintiff has failed to comply with this Court's orders concerning disposition of this case. Plaintiff failed to appear for settlement conferences (which he had requested), failed to participate in the preparation of a joint pretrial order, and has most recently submitted an untimely pretrial order which serves only his own interests and without first presenting it to United States' counsel for review.

[2] The third argument appears to be a repeat of the first argument, plaintiff contending that the United States should be estopped from denying that which has already been determined.

2

1  disposition of the United States' previous motion for dismissal/summary judgment. In that
2  Order, this Court dismissed all of plaintiff's claims except for one - that being a negligence claim
3  arising out of events which led to plaintiff's February 1998 arrest and imprisonment. The United
4  States sought dismissal of that claim (and all others) based on the applicable statute of
5  limitations; however, this Court found that claim to have been timely presented. This Court also
6  denied the United States' motion for summary judgment with respect to the one claim which had
7  survived the dismissal motion. At no point in the June 9 Order does this Court state that any
8  government actor was negligent; rather, the Court simply stated that plaintiff's negligence claim
9  was timely presented. Plaintiff has never sought summary judgment on the issue of negligence
10 (or any other issue) and this Court has never been given the opportunity to enter such a ruling in
11 plaintiff's favor.

12  There is nothing in the United States' requests for admission which is incompatible with
13 this Court's prior rulings. More significantly for summary judgment purposes, plaintiff has not
14 presented any evidentiary basis to disregard the facts which are "conclusively established" by
15 operation of Rule 36. While plaintiff's counsel argues that the facts are not accurate, there are
16 no declarations, affidavits, or other evidentiary materials which contradict any of the facts on
17 which the motion for summary judgment is based.[3] Accordingly, plaintiff has presented no
18 factual or legal basis for denial of the United States' motion for summary judgment.

19  Plaintiff next argues that the matters set forth in the requests for admission are too
20 complicated for a layman to understand because the requests call for improper conclusions of
21 law. This argument betrays a fundamental misunderstanding of the scope of Rule 36 requests for

---

[3] As noted above, plaintiff has filed a motion for relief from the admissions (#86). In that motion, plaintiff likewise provided no declarations, affidavits, or evidentiary materials to contradict the facts established through Rule 36.
   This matter is now set for trial in eight days. The United States has prepared its case based on the operative effect of Rule 36 and the absence of any ruling which grants plaintiff relief from those facts established through Rule 36.

3

admission. Rule 36(a), Fed.R.Civ.P., provides in pertinent as follows:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact <u>or of the application of law to fact</u>, ...
> (emphasis added)
>
> * * *
>
> A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

Quite plainly, the requests for admission (which requested that plaintiff admit that his February 1998 arrest and subsequent imprisonment were not caused by any negligent act or omission of a government actor) were proper subjects for Rule 36 requests for admission. Presented with such requests (along with the many other requests for admission), plaintiff had several options, all of which are explicitly set forth in Rule 36(a). He could have denied some or all of the requests. He could have admitted some or all of the requests. He could have objected to some or all of the requests. Plaintiff elected to do none of the authorized responses and now seeks to avoid the consequences of that choice.[4]

---

[4] It should also be noted that plaintiff's argument that he was incapable (as a layman) of responding to the requests for admission is inconsistent with the arguments presented by plaintiff in support of his pending motion for relief (#86). That motion argues that his failure to respond was solely due to plaintiff being "out of touch" with his attorney for an unspecified period of time (although no declaration or affidavit is provided to support that argument).

4

## III. CONCLUSION

For the foregoing reasons and those set forth in the motion for summary judgment, summary judgment should be entered against plaintiff and in favor of the United States.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing UNITED STATES' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT were mailed by first-class mail, postage pre-paid, on January 3, 2005

James Andre Boles
18 Stewart Street
Reno, NV 89501

_____