FILED
05 JAN -4 PM 4:09
LANCE S. WILSON
CLERK
BY _____ DEPUTY

U.S. DISTRICT COURT
DISTRICT OF NEVADA
ENTERED & SERVED
JAN - 5 2005
CLERK, U.S. DISTRICT COURT
BY \_\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL J. CONLON,

   Plaintiff,

v.

UNITED STATES OF AMERICA,

   Defendant.

01-700
CV-N-0-0700-DWH (VPC)

**ORDER**

  Before the court is defendant's motion for summary judgment (#84). Plaintiff has opposed (#96)[1] and defendant has replied (#101). For the following reasons, defendant's motion is granted. Summary judgment for defendant.

## I. Analysis

  The factual and procedural background of this three-year-old case is well known to the parties and will not be restated at length.

  Plaintiff's remaining claim stems from his arrest and incarceration on February 19, 1998 pursuant to an arrest warrant issued by the Parole Board. It has already been determined that the Parole Board lacked jurisdiction to issue the arrest warrant. Plaintiff's claim comes before this court in the form of a negligence action under the Federal Tort Claims Act (FTCA).

---

[1] The court will accept plaintiff's tardy opposition.

1

## A. Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Lynn v. Sheet Metal Workers Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

## B. Rule 36

Defendant's motion for summary judgment turns on admissions made by plaintiff during discovery. Defendant submitted requests for admission to plaintiff and received no timely response. The 'admissions' are actually negative inferences that defendant is entitled to draw from plaintiff's default and are deemed "conclusively established." Fed.R.Civ.P 36. This court denied plaintiff relief from those admissions (#100). It is well-settled that "unanswered requests for admissions" are sufficient grounds for summary judgment. *O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958).

Based on plaintiff's failure to respond to discovery requests, and this court's subsequent denial of relief, defendant's "Requests for Admission" 1- 27 (#85, Ex. A, pp. 4 - 6) are deemed admitted by plaintiff through operation of Rule 36(a) & (b), Fed.R.Civ.P. Most relevant to defendant's motion for summary judgment, plaintiff has admitted that neither the issuing of the warrant, his arrest or his subsequent incarceration were caused by negligent or wrongful acts or omissions of United States employees (respectively, #85, Ex. A, Requests for Admission 7, 13 and 26).

Plaintiff argues the prior finding that the arrest warrant was issued without jurisdiction demonstrates negligence in and of itself and is res judicata for the litigants in this proceeding. This is incorrect – while the validity of the warrant is not at issue in this litigation, the issue of negligence

2

as the cause of the issuing is a separate, previously undetermined matter.

Relief under the FTCA requires that there be a causal link between a "negligent or wrongful act" of a United States employee and the harm caused to the plaintiff. 28 U.S.C. §2679(a). Plaintiff's admissions that neither the issuing of the warrant, his arrest or his subsequent incarceration were caused by negligent or wrongful acts or omissions of United States employees therefore preclude relief under the FTCA.

### III. Conclusion

Accordingly, **IT IS ORDERED** that defendant's motion for summary judgment (#84) is **GRANTED**. The clerk will enter judgment accordingly.

DATED: This 4th day of January, 2005.

_____
UNITED STATES DISTRICT JUDGE